Braice, Ch. J.,
delivered the opinion of the court:
In deciding the question of law arising upon the foregoing facts, it does not seem to us necessary to enter upon a review of the whole legislation of Congress on the subject of the traveling-expenses' of officers of the Navy when under orders. It is sufficient to note that, prior to the Act June 16,1874 (ch. 285,18 Stat. L., 72) ten cents per mile was required by law to be allowed to officers for those expenses. By that act the allowance of mileage was entirely abrogated by the.following general provision, applicable to officers and employés in every branch of the public service:
“Provided, That only actual traveling expenses shallbe allowed to any person holding employment or appointment under the United States; and all allowances for mileages and transportation in excess of the amount actually paid áre hereby declared illegal.»
By the Act ¿Pune 30,1876 (ch. 159.19 Stat. L., 65) this provision was repealed as to naval officers in the following terms:
“ 'And so much of the act of June 16, 1874, * * * as provides that only actual traveling expenses shall be allowed to any person holding employment or appointment under the United States while engaged on public business, as is applicable to officers of the Navy so engaged, is hereby repealed, and the sum of eight cents per mile shall be allowed such officers while so engaged, in lieu of their actual expenses.»
This provision is now in force, and by its terms the rights of this claimant must be determined.
As we all know, and as Congress just as well knew when this provision was enacted, naval officers always have been, are now, and always will be, required to travel under orders, not only from point to point in the United States, but across oceans and through foreign lands'. Of course, if ordered to cross oceans in a government vessel, there would be no traveling expenses, for the government would transport them; hut if ordered to go by *381 other than a government vessel, the government assumes the payment of their' traveling expenses, and itself, by law, declares ■what shall be allowed on that score. And when the law makes a declaration on that point, no officer can claim anything more or other than the law authorizes, nor can the accounting officers of the Treasury Department require him to accept anything less or other than just that.
The act of 187C seems to us to be a plain, direct, and unambiguous declaration as to what shall be allowed for and on account of traveling expenses. And it is all the more clear and forceful because it abolishes an existing rule and lays down a new one.' It says, on the one hand, as plainly as if in so many words, that the “ actual traveling expenses,” or, in other words, the expenses “actually paid,” shall not be an element in the allowance on the score of traveling expenses; and on the other hand, quite as plainly, that the traveling expenses shall be estimated and allowed to be eight cents per mile, “ in lieu of actual expenses.” .
Manifestly, then, if “ actual expenses” are ruled out as a basis of the allowance to an officer, they are ruled out in toto as to every part and portion of the distance traveled by him, and the mileage takes their place in toto as to every part and portion of that distance.
It follows, therefore, that the government cannot, by itself buying for him a railroad or steamship ticket for a part or the whole of the distance to be traveled, reinstate the repealed “ actual expense” rule and deny him the mileage for the distance for which it so “furnished transportation”; for there is no law for any such proceeding. The law is that he is to travel at his own expense, and when his journey is performed he “ shall be allowed” eight cents for every mile he has traveled.
Whether the mileage is more than his actual expenses has nothing to do with the interpretation of the statute. There probably never was a time when the mileage of a naval officer did not exceed his actual necessary expenses Of travel; and, presumably, that fact was well known to the Congress that enacted the existing law; and in Anew of it that law was made, and every naval officer is entitled to the benefit of it.
In our opinion there is no foundation for refusing mileage for travel by sea. The law makes no discrimination between travel ■on land and travel by sea; and it is not for us, nor for an Execu *382 tive Department, to say that “ eight cents per mile ” means eight cents per mile on land but does not mean eight cents per mile on the sea. As before remarked, the Congress that made the law knew that naval officers were, and would necessarily always continue to be, ordered from the United States to every part of the globe and from every part of the globe back to the United States, and yet did not express any purpose to pay mileage by land and only “actual expenses” by sea, but provided one rule for all travel, whether by land or sea.
It follows from the views we have expressed that the accounting officers of the Treasury, in limiting the claimant, as to his ocean travel, to his “actual expenses,” and refusing him the mileage allowed by the act of 1876, erred in their view of the law, and that he is entitled to be paid the eight cents mileage for the whole distance he traveled, less, first, the amounts paid by disbursing officers for his transportation; secondly, the amount paid him on the basis of his actual expenses at sea; and, thirdly, the mileage paid him for the travel by land. The balance due him is $704.97, for which judgment will be entered.