Nott, J.,
delivered the opinion of the court:
The “Act 30th June, 1876 (19 Stat. L., p. 65, ch. 159), provided that any person holding employment or appointment under the United States while engaged on public business” should be reimbursed his traveling expenses, and that that reimbursement should be in the form of mileage. If the cause of these warrant officers’ travel was “public business” they were entitled to reimbursement, and should recover their mileage less whatever amount may have been paid them. (Temple’s Case, 14 C. Cls. R., 377; 105 U. S. R., 97.) If the cause of their travel was private business they should have borne their own traveling expenses and should not have been paid anything, and may be liable to refund the money which has been paid to them.
The cause assigned by Commodore Shufeldt was that their quarters, after a fair and patient trial, had béen found to be •uninhabitable, that there were no other apartments on board the ship where these officers could be accommodated, and that under the circumstances he considered- he had no alternative other than the plan which he adopted, viz, that of sending the officers home.
When a commodore upon the high seas decides that he has no place for warrant officers upon his ship, and no alternative save that of sending them home, we think it apparent that they ■have no alternative save that of coming home and that private business was not the cause of their traveling.
We attach but little weight to the form of the transaction. It is true that there was “request” on the part of the officers, and “ permission” on the part of the commodore. But request and permission do not necessarily change public business into private business. An officer in time of war may “request” leave to cut out an enemy’s vessel and “ permission” may be granted him to do so, yet his expedition could not be designated as private business and his service would be quite as meritorious as if done under the most positive orders.
The form of this transaction, moreover, is satisfactorily explained by Commodore Shufeldt. He did not deem it proper “to order these officers home,” inasmuch as the quarters had been assigned to them by the Department. Official etiquette forbade that he should revoke the order of the Department, *292 but the circumstances, in his judgment, required that he should send the officers home and leave the matter to the consideration of the Secretary of the Navy. The Secretary immediately approved the order of Commodore Shufeldt, recognized the fact that the officers had traveled in consequence of those orders, and directed that they should be “ regarded as having performed the journey under orders.”
The judgment of the court is that the claimant recover of the defendants the sum of $372.03.