Nott, J.,
delivered the opinion of the court:
In Commodore Temple’s Case (14 C. Cls. R., 377) no question was raised as to the route traveled,- and the only question considered was- the officer’s right to mileage. In this case the officer left Montevideo with Commodore Temple, not under his orders, but traveling in his company over the same route and upon the same steamer. The bona fides of his conduct is also shown by the fact that both at the Treasury and in the Navy it was then supposed that an officer so traveling was entitled only to his actual traveling expenses and not to mileage.
From the decision in the Temple case the claimant’s counsel has drawn the inference that an officer is entitled to mileage for whatever route he actually travels; that in the absence of positive orders he has discretion to select his own route; and that if he abuses that discretion and selects his route with the wrongful purpose of making mileage he may be punished by court-martial. It is also argued that the accounting officers have nothing to do in the premises but ascertain the distance actually traveled and compute the amount of mileage accordingly.
The court cannot sustain the case upon that ground. It is *518 the duty of the accounting officers to see that money is not paid at the Treasury to a man who is not entitled to receive it, and it is' likewise their duty to see that a man who is entitled to receive $1 is not paid $2. The accounting officers have no more right to remit the question of amount in tlie case of a naval officer to the future scrutiny of a court-martial than in the case of a civil officer to the future punishment of a criminal court. We may add that there may be overcharges which are not criminal, and against such it is likewise the duty of the accounting officers to guard the Treasury.
The testimony, however, in the case establishes certain facts which were not before the accounting officers,- and which from the nature of their office accounting officers could not investigate and judicially determine. These facts were that the claimant’s steamer from Montevideo failed to connect with the American steamer at Rio de Janeiro; that the claimant would have been compelled to wait nearly a month in Rio for the next steamer, and that yellow fever was epidemic at the time. The proper course for the claimant to have pursued after his return was to have reported these facts to the Navy Department and procured the approval of the Secretary. Endless unforeseen contingencies are ever arising in the Army and Navy when an officer cannot ask for instructions, and in such cases ratification must take the place of antecedent authority. But whether the interests of the naval service required, or the exigencies of an unforeseen situation justified, the selection of a longer route than the direct one are questions which cannot be passed upon by accounting officers. Such questions belong to the head of the Navy Department. The Secretary, speaking for the Commander-in-chief, must establish the facts upon which the accounting officers can proceed to state a mileage account. As before said, at the time when this officer arrived here it was not known that he should be paid mileage, and probably for that reason he omitted to report , to the department the reasons which induced him to take a circuitous route, and saw no reason for procuring an official sanction of the course pursued.
From this and the preceding cases of Perrimond, Allderdice, and Du Bose, the court has drawn the following general conclusions, applicable to all mileage cases:
1. The right of an officer to mileage depends upon his having traveled upon public business; and it is ordinarily for his com *519 manding officer to determine whether.the public business requires that he should travel; and where an officer is delinquent and ordered to travel at his own expense, it must be held that he is not entitled to mileage.
2. An officer is ordinarily bound to travel by the shortest usually traveled route. He is not bound to choose an extraordinary and unusual route because it is the shortest, but he has no right to choose another because it is the longest. As a plaintiff has no right to “make damages” for a defendant to pay, so an officer has no right to make mileage for the government to pay. The Act 5th August, 1882 (22 Stat. L., 284, 286, ch. 391), abolishes mileage for officers of the Navy “while traveling abroad,” and allows them in lieu thereof “ actual and reasonable expenses,” but commands them to travel by uthe most direct route.” That term “most direct route” well expresses the general principle, and the course pursued by the accounting officers in the case of Du Bose & Richardson (just decided) well illustrates the sound application thereof.
3. When an officer does not traveí by the most direct route, or being ordered to travel by one route is compelled to travel by another, he must bring to the accounting officers the authority or ratification of the Navy Department, and if he neglects to do so will-have no remedy save by establishing judicially the facts upon which his right rests.
The judgment of the court in this case is that the claimant recover of the defendant the sum of 1314.08.