## FRASCH v. MOORE.[1]

APPEAL FROM AND IN ERROR ·TO THE COURT OF APPEALS OF
THE DISTRICT OF COLUMBIA.

No. 14.   Argued April 23, 24, 1908.—Decided October 19, 1908.

A decision of the Court of Appeals of the District of Columbia in an
  appeal from the Commissioner of Patents under Rev. Stat. §§ 4914,
  4915, § 9 of the act of February 9, 1893, c. 74, 27 Stat. 434, and § 780,
  Rev. Stat., District of Columbia, is interlocutory and not final and is
  not reviewable by this court under § 8 of the act of February 9, 1893,
  either by appeal or writ of error.   *Rousseau* v. *Browne,* 21 App. D. C.
  73, approved.
Appeal from and writ of error to review, 27 App. D. C. 25, dismissed.

FRASCH applied for a patent for an invention of a new and
useful improvement in the art of making salt by evaporation of
brine. He expressed his alleged invention in six claims, three of
which were for the process of removing incrustation of calcium
sulphate from brine heating surfaces, and three of them were
for an apparatus for use in the process.

---

[1] Commissioner of Patents and made party in place of Allen, Com-
missioner, resigned.

At the time when the application was filed, Rule 41 of the Patent Office did not permit the joinder of claims for process and claims for apparatus in one and the same application. The examiner required division between the process and apparatus claims, and refused to act upon the merits. An appeal was taken to the examiners in chief, but the examiner refused to forward it. A petition was then filed, asking the Commissioner of Patents to direct that the appeal be heard. The Commissioner held that the examiner was right in refusing to forward the appeal. From that decision appeal was taken to the Court of Appeals of the District, which held that it did not have jurisdiction to entertain it. Frasch then filed a petition in this court for a mandamus, directing the Court of Appeals to hear and determine the appeal, which petition was dismissed. *Ex parte Frasch*, 192 U. S. 566.

But in *United States ex rel. Steinmetz* v. *Allen*, 192 U. S. 543, it was held that Rule 41, as applied by the Commissioner, was invalid, and that the remedy for his action was by mandamus in the Supreme Court of the District to compel the Commissioner to act. Accordingly the proceedings in the present case were resumed in the Patent Office, and the applicant asked the Commissioner to direct that the appeal theretofore taken to the examiners in chief be heard by them. The Commissioner granted this petition. The primary examiner furnished the required statement and a supplementary statement of the grounds of his decision requiring division. The examiners in chief affirmed the decision of the primary examiner, "requiring a division of these claims for an art and for an independent machine used to perform the art;" one examiner in chief, dissenting, held that division should not be required. On appeal to the Commissioner, he affirmed the examiners in chief in part only; that is to say, he held that process claim No. 1 must be divided from the other process claims and the apparatus claims, but that process claims Nos. 2 and 3 and the apparatus claims Nos. 4, 5 and 6 might be joined in one application. Rehearing was denied, and an appeal was taken to the Court of Appeals for

the District of Columbia, which affirmed the decision of the Commissioner of Patents, for reasons given at large in an opinion, and directed the clerk of the court to "certify this opinion and proceedings in this court in the premises to the Commissioner of Patents, according to law."

An appeal and a writ of error were allowed, the court stating through Mr. Chief Justice Shepard: "We are inclined to the view that this case is not appealable to the Supreme Court of the United States, but as the question has never been directly decided, so far as we are advised, we will grant the petition in order that the question of the right to appeal in such a case may be directly presented for the determination of the court of last resort."

The record was filed January 25, 1907, and on February 4 a petition for certiorari.

*Mr. Charles J. Hedrick* for appellant and plaintiff in error:

The opinion and the reasons of appeal show the case is one in which is drawn in question the validity of a statute of, or an authority exercised under, the United States. § 233 of Code Dist. Col.

This court has jurisdiction in a case wherein the validity of a rule of the Patent Office is assailed. *United States* v. *Allen*, 192 U. S. 543. Here not only the rule, but the validity of the authority exercised apart from any rule, is called in question and also the validity of any statute authorizing said rule or in other respects having the effect which the Court of Appeals of the District of Columbia and the Commissioner of Patents have construed the patent acts to have.

In *Rousseau* v. *Browne,* 104 O. G. 1122, 21 App. D. C. 73, the Court of Appeals declined to allow a writ of error or an appeal, on the ground that its decision was not a final judgment or decree within the statute allowing appeals to this court; but it does not appear that the attention of the court had been called to the express opinion in *United States* v. *Duell,* 172 U. S. 576, that the remedy by appeal existed.

Although this court did not affirm the lower court solely for this reason, yet the expression of opinion was not *obiter* on that account; since it was in reference to a matter in issue and constituted an additional reason for the affirmance.

The decision of the Court of Appeals, when adverse (as in the present case), is the refusal of a patent (§ 4915, Rev. Stat.), and the effect of its decision whether adverse or favorable is not materially different from the corresponding judgment on a bill in equity under § 4915, under which the court may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear.

This court has entertained jurisdiction of appeals from such adjudication and reversed the Circuit Court's decision on the merits. *Morgan* v. *Daniels*, 153 U. S. 120; and see also *Gandy* v. *Marble*, 122 U. S. 432; *Hill* v. *Wooster*, 132 U. S. 693; *Durham* v. *Seymour*, 161 U. S. 235; and see *Butterworth* v. *Hoe*, 112 U. S. 50.

Inasmuch as the appeal deals with a question judicial in its nature, in respect of which the judgment of the court is final so far as the particular action of the Patent Office is concerned, such judgment is none the less a judgment " because its effect may be to aid an administrative or executive body in the performance of duties legally imposed upon it by Congress in execution of a power granted by the Constitution." *United States* v. *Duell, supra; Interstate Comm. Comm.* v. *Brimson*, 154 U. S. 447.

The decision on appeal from the Commissioner under § 4914, Rev. Stat., and § 228, Code Dist. Col., is, therefore, a final judgment or decree of the Court of Appeals. See § 233, Code Dist. Col., allowing or refusing a patent. It gives or refuses to appellant the exclusive rights of a patentee.

It is not material that any patent allowed by the courts on direct appeal (§ 4914, Rev. Stat.), or on bill in equity (§ 4915, Rev. Stat.) can be controverted (§ 4920, Rev. Stat.). A final judgment or decree can be rendered in cases where rights of

possession only are involved, the judgment or decree not touching the fundamental title. A decree in equity for specific performance, as for delivery of a deed, is none the less a final decree, because the deed, when given, is not incontrovertible. It has a certain finality; but so does the grant of a patent.

In any legal sense, action, suit and cause are convertible terms.

A suit is any proceeding in a court of justice by which an individual pursues that remedy which the law affords him. *Ex parte Milligan*, 4 Wall. 112, 113; *Weston* v. *Charleston*, 2 Pet. 449. It is the prosecution of some demand in a court of justice. *Cohens* v. *Virginia*, 6 Wheat. 264.

Suits may arise out of appeals from administrative officers. As to appeal from a board of supervisors see *Bradley* v. *People*, 4 Wall. 459.

The Court of Appeals exercises functions strictly judicial in reviewing on appeal the decisions of the Commissioner of Patents. *United States* v. *Duell*, 172 U. S. 576.

*The Solicitor General* for appellee and defendant in error:

The court is without jurisdiction.

There is no money in dispute nor anything to which a pecuniary value has been given. To rest jurisdiction upon the act of February 9, 1893, 27 Stat. 434, in a case involving the validity of a patent or copyright, or drawing in question the validity of a treaty or statute or of an authority exercised under the United States, there must be some sum or value in dispute. *Steinmetz* v. *Allen*, 192 U. S. 543; *Chapman* v. *United States*, 164 U. S. 436; *United States* v. *More*, 3 Cr. 159; *Sinclair* v. *District of Columbia*, 192 U. S. 16; *New Mexico* v. *Denver & Rio Grande R. R. Co.*, 203 U. S. 38; *Albright* v. *New Mexico*, 200 U. S. 9. If it should be held that the validity of a patent or copyright necessarily involves value, although the sum or value in any determinate sense is not in dispute, still it cannot possibly be predicated of the naked question of the validity of a

law or treaty or Federal authority that a sum or value is at stake as a concrete and measurable matter, but only contingently, indirectly and remotely.

The judgment of the Court of Appeals is not final; it merely ended an interlocutory stage of this controversy and sent the applicant back to the Patent Office to conform to the meaning and effect of Rule 41 on division of claims as construed by the Commissioner of Patents, and to pursue the application in the form required to final grant or rejection. See *Rousseau* v. *Browne,* 21 App. D. C. 73. Jurisdiction to hear and determine appeals from the Commissioner of Patents was formerly vested in the Supreme Court of the District of Columbia (§ 780, R. S. D. C.); it was transferred to and vested in the Court of Appeals by § 9 of the act of 1893 (*supra*), and in addition, decisions of the Patent Office on an interference between applications, which previously were final (§ 4911, Rev. Stat.), were made appealable to the Court of Appeals. The law applicable is § 4914, Rev. Stat. Section 4915 provides a remedy by bill in equity where a patent is refused, and the last line of that section refers to the "final decision," which evidently means the judicial decision upon a bill in equity. It is manifest from the language of these sections that in interference cases and in all others going up from the Commissioner to the Court of Appeals there is no final judgment in the cause, but one interlocutory in its nature and binding only upon the Commissioner to govern the further proceedings in the case. The opinion or decision of the court reviewing the Commissioner's decision is not final, because it does not preclude any person interested from contesting the validity of the patent in court. If the Commissioner refuses the patent and the Court of Appeals either sustains him or reverses him, that is the point at which finality could be alleged, and even then the decision of that court may be challenged generally and a refusal of patent may be reviewed and contested by bill in equity. It is at least certain that a judgment like this on an intermediate point of procedure and practice, the result of which is simply to send the case back

to the Patent Office, is not a "final judgment" under § 8 of the act of 1893.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

Section 8 of the act of February 9, 1893, c. 74, 27 Stat. 434, 436, provides:

"That any final judgment or decree of the said Court of Appeals may be reëxamined and affirmed, reversed, or modified by the Supreme Court of the United States, upon writ of error or appeal, in all causes in which the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars, in the same manner and under the same regulations as heretofore provided for in cases of writs of error on judgment or appeals from decrees rendered in the Supreme Court of the District of Columbia; and also in cases, without regard to the sum or value of the matter in dispute, wherein is involved the validity of any patent or copyright, or in which is drawn in question the validity of a treaty or statute of or an authority exercised under the United States."

The decision of the Court of Appeals sought to be reviewed in the present case is not final, but merely ended an interlocutory stage of the controversy and sent the applicant back to the Patent Office to conform to the meaning and effect of the rule on division of claims as construed by the Commissioner of Patents, and to pursue the application in the form required to allowance or rejection.

Section 780 of the Revised Statutes of the District of Columbia reads thus:

"The Supreme Court, sitting in banc, shall have jurisdiction of and shall hear and determine all appeals from the decisions of the Commissioner of Patents, in accordance with the provisions of sections forty-nine hundred and eleven to forty-nine hundred and fifteen, inclusive, of Chapter one, Title LX, of the Revised Statutes, 'Patents, Trade-marks, and Copyrights.'"

Section 9 of the "Act to establish a Court of Appeals for the District of Columbia, and for other purposes," approved February 9, 1893, c. 74, 27 Stat. 434, 436, is:

"SEC. 9. That the determination of appeals from the decisions of the Commissioner of Patents, now vested in the general term of the Supreme Court of the District of Columbia, in pursuance of the provisions of section seven hundred and eighty of the Revised Statutes of the United States, relating to the District of Columbia, shall hereafter be and the same is hereby vested in the Court of Appeals created by this act; and in addition, any party aggrieved by a decision of the Commissioner of Patents in any interference case may appeal therefrom to said Court of Appeals."

Thus the special jurisdiction of the District Supreme Court in patent appeals was transferred to and vested in the Court of Appeals, and decisions in interference cases were also made appealable, which had not been previously the case. Rev. Stat. § 4911. The law applicable is § 4914, Rev. Stat., which provides:

"The court, on petition, shall hear and determine such appeal, and revise the decision appealed from in a summary way, on the evidence produced before the Commissioner, at such early and convenient time as the court may appoint; and the revision shall be confined to the points set forth in the reasons of appeal. After hearing the case the court shall return to the Commissioner a certificate of its proceedings and decision, which shall be entered of record in the Patent Office, and shall govern the further proceedings in the case. But no opinion or decision of the court in any such case shall preclude any person interested from the right to contest the validity of such patent in any court wherein the same may be called in question."

By § 4915 a remedy by bill in equity is given where a patent is refused, and reads as follows:

"SEC. 4915. Whenever a patent on application is refused, either by the Commissioner of Patents or by the Supreme

Court of the District of Columbia upon appeal from the Commissioner, the applicant may have remedy by bill in equity; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the Commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication, and otherwise complying with the requirements of law. In all cases, where there is no opposing party, a copy of the bill shall be served on the Commissioner; and all the expenses of the proceeding shall be paid by the applicant, whether the final decision is in his favor or not."

The final decision referred to is obviously the judicial decision on the bill in equity, while in interference cases and in all others going up from the Commissioner to the Court of Appeals there is no final judgment in the cause, but one interlocutory in its nature and binding only upon the Commissioner "to govern the further proceedings in the case." The opinion or decision of the court reviewing the Commissioner's decision is not final, because it does not preclude any person interested from contesting the validity of the patent in court, and if the decision of the Commissioner grants the patent that is the end of the matter as between the Government and the applicant; and if he refuses it and the Court of Appeals sustains him, that is merely a qualified finality, for, as we have seen, the decision of that court may be challenged generally and a refusal of patent may be reviewed and contested by bill as provided.

The appeal given to the Court of Appeals of the District from the decision of the Commissioner "is not," as Mr. Justice Matthews said in *Butterworth* v. *Hoe*, 112 U. S. 50, 60, "the exercise of ordinary jurisdiction at law or in equity on the part of that court, but is one step in the statutory proceeding under

the patent laws whereby that tribunal is interposed in aid of the Patent Office, though not subject to it. Its adjudication, though not binding upon any who choose by litigation in courts of general jurisdiction to question the validity of any patent thus awarded, is nevertheless conclusive upon the Patent Office itself, for, as the statute declares, Rev. Stat. § 4914, 'it shall govern the further proceedings in the case.'"

In *Rousseau* v. *Browne*, 21 App. D. C. 73, 80, which was an appeal from the Patent Office in the matter of an interference between two applications, the court affirmed the decision of the Commissioner of Patents, ruling against one of the claims on the ground that priority of invention must be awarded to the other claimant, declined to allow a writ of error or appeal, and said, through Chief Justice Alvey:

"There is no final judgment of this court rendered in such cases, nor is there any such judgment required or authorized to be rendered, not even for costs of the appeal. This court is simply required in such cases, after hearing and deciding the points as presented, instead of entering judgment here, to return to the Commissioner of Patents a certificate of the proceedings and decision of this court, to be entered of record in the Patent Office, to govern the further proceedings in the case. But it is declared by the statute that no opinion of this court in any such case shall preclude any person interested from the right to contest the validity of any patent that may be granted by the Commissioner of Patents. Rev. Stat. §§ 780, 4914.

"There is no provision of any statute, within our knowledge, that authorizes a writ of error or an appeal to the Supreme Court of the United States in such case as the present. It would seem clear that the case is not within the purview of section 8 of the act of Congress of February 9, 1893, providing for the establishment of this court. That section only applies to cases where final judgments by this court have been entered, and not to decisions to be made and certified to the Patent Office, under the special directions of the statute."

We consider these observations as applicable to the present case, and the result is

*Appeal and writ of error dismissed, and certiorari denied.*

MR. JUSTICE WHITE and MR. JUSTICE McKENNA dissent.

MR. JUSTICE MOODY did not sit.