JOHNSON v. MUESER.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 67.  Argued January 12, 1909.—Decided February 23, 1909.

*Frasch* v. *Moore*, 211 U. S. 1,[1] followed to effect that decisions of the Court of Appeals of the District of Columbia in appeals from the Commissioner of Patents are not reviewable by this court.

Writ of error to review 29 App. D. C. 61, dismissed and certiorari denied.

THE facts are stated in the opinion.

---

[1] For headnote in *Frasch* v. *Moore*, see *post*, p. 285.

*Mr. Melville Church*, with whom *Mr. James A. Carr* was on the brief, for plaintiff in error.

*Mr. Stephen J. Cox*, with whom *Mr. William Raimond Baird* was on the brief, for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a proceeding of interference in which the examiner of interferences awarded priority to Mueser. This decision was in turn affirmed by the examiners-in-chiefs and by the Commissioner. From the decision of the Commissioner an appeal was taken to the Court of Appeals of the District of Columbia, and that court affirmed the decision of the Commissioner of Patents, and directed that its own decision be certified to the Commissioner of Patents, as required by law. The court held that in such a proceeding it would not review the action of the Patent Office in deciding that the issue was a patentable one, but would confine its consideration to the question of priority alone. 29 App. D. C. 61. And in the course of its opinion the court said:

"It must be borne in mind that the final judgment of this court entitling a claimant to a patent, in either an *ex parte* or an interference proceeding, is not conclusive of either patentability or priority. The patent, when issued, may be attacked in the courts by parties whose interests may be affected by the monopoly claimed thereunder; and the defeated party has another remedy by proceeding in a court of equity, as provided in § 4915, Rev. Stat."

We think our ruling in *Frasch* v. *Moore*, 211 U. S. 1, is applicable, and that this writ of error must be disposed of accordingly. The application for certiorari must take the same course.

*Writ of error dismissed.*
*Certiorari denied.*