In Equity.

L. B. FOURNIER et als.

*vs.*

COUNTY COMMISSIONERS of Aroostook County.

Aroostook.    Opinion March 11, 1912.

*Constitutional Law.    Counties.    County Buildings.    Statutory Authority.*
*Construction.    Statute, 1911, chapter 52, sections 3, 4, 5.*

Public Laws 1911, chapter 52, which provides for a slight change of the boundaries of the northern registry district of Aroostook county, and for the removal of the registry office to Fort Kent or Van Buren as designated by the qualified electors of the district and which provides that the act should be void unless, before January 1, 1912, one of the towns should render financial aid in the erection of a registry building, and that, after determination of such matters, donations by the unsuccessful competitor should be returned, is not invalid as delegating to the electors the question of changing the boundaries nor the question of removing the registry,' nor is the requirement that financial aid be provided by the competing

towns ambiguous, the Act giving an option to render aid without compelling it; and Fort Kent having been selected by the electors as the location for the registry, and it having complied with the financial requirement, it is not essential to the county commissioners' right to erect the building that the town of Van Buren be given opportunity to offer aid, since that would be required to be immediately returned under the Act.

In equity. On report. Bill dismissed.

Bill in equity brought by the plaintiffs "L. B. Fournier, Fortuna W. Pelletier, Beloni Hebert, Thomas Hebert, Raymond Albert and Eloi Albert, all of Madawaska in said county of Aroostook, and all resident within the Northern Registry District of Aroostook County, all being six taxable inhabitants of said Madawaska in said county, against Samuel C. Greenlaw, of Presque Isle in said County, Lewis E. Jackman, of Sherman in said County, and Patrick Therriault, of Grand Isle in said County, as they are the commissioners of said County of Aroostook," for the purpose of enjoining the defendants from erecting a building in Fort Kent for the office of registry of deeds in the Northern Registry District in said county and from borrowing money for that purpose upon the credit of the county. The defendants filed an answer alleging in substance that they were legally authorized to erect such a building at Fort Kent, that it was their legal duty as County Commissioners to erect such a building and that unless enjoined they intended to erect such a building. An agreed statement of facts was filed and the case reported to the Law Court "to render such final judgment as the legal rights of the parties require."

The case is stated in the opinion.

*Hersey & Barnes, and L. V. Thibodeau,* for plaintiffs.

*Perley C. Brown, County Attorney, Madigan & Madigan and Leonard A. Pierce,* for defendants.

SITTING: WHITEHOUSE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, JJ.

BIRD, J. This bill in equity is brought by certain taxable inhabitants of the town of Madawaska and of the county of Aroostook for the purpose of enjoining the defendants from erecting a building in Fort Kent for the office of registry of deeds in the northern

district of the county and from borrowing money for the purpose upon the credit of the county.

The respondents claim authority in justification of their proposed acts under c. 52 of the Public Acts of 1911, which provides for a slight change in the boundaries of the northern registry district of the county and the removal from Madawaska of the office of Registry of Deeds of the northern registry district of the county to either Fort Kent or Van Buren as may be determined by a majority vote of the qualified voters of the district, for the erection of a building for such registry at the place selected and for the procurement of funds therefor on the credit of the county by the county commissioners.

Sections 3, 4 and 5 of the act referred to are

Section 3. This act shall be void unless at a special election duly called and held on the second Monday of September, nineteen hundred and eleven, and participated in by the qualified voters in said district, said district accepts the same and determines by a majority vote which town said registry shall be located in. This act shall also be void unless a suitable lot in Van Buren villlage, and a similar lot in Fort Kent, whereon to erect a building for the registry office, shall have been conveyed to the inhabitants of the county of Aroostook by each of said town of Van Buren and Fort Kent, and the sum of three thousand dollars paid by the citizens of said Van Buren into the county treasury, said sum to be expended by the county commissioners of said county in building a registry office on said lot if the same be located in Van Buren, on or before the first day of January, nineteen hundred and twelve. After the said election has been held and the foregoing matters determined, the lot of land so conveyed and the sum of three thousand dollars so paid by the parties failing to secure the location of said registry in their town, shall be re-conveyed and paid back to such unsuccessful donors.

Section 4. At said election the question of whether the registry shall be moved to Fort Kent or Van Buren shall be so presented upon one ballot that the voters of said district may indicate their choice.

Section 5. Said northern registry is to remain where now located until the first day of January, A. D. nineteen hundred and twelve, when it is to be removed to the place selected by the voters of said district at said election.

Prior to the special election, which was held at the time directed in the legislative act, the town of Fort Kent made conveyance of a lot of land therein in compliance with the provisions of the act. It is apparent that no conveyance of a lot of land in Van Buren suitable for a registry building was ever delivered by or in behalf

of the town to the County and that no sum of money was ever paid into the county treasury by citizens of Van Buren. At the special election a majority of voters indicated Fort Kent as their choice. It is, however, contended by defendants, among other things, first, that, the conveyance and payment of money on the part of Van Buren was to be made on or before the first day of January, 1912, and that a conveyance and payment, by Van Buren after the selection of Fort Kent, would be needless ceremony and, second, that neither town as a municipality could legally buy or convey a lot for a county building and that the legislature therefore could not require the same and did not intend to do so.

The act provides, in section 3, that it shall be void unless at a special election on the second Monday of September, 1911, the "district accepts the same and determines by a majority vote which town said registry shall be located in." This is not, in the opinion of the court, a delegation of legislative power to determine if the location of the registry should be changed. The legislature had already directed the change in boundary and the removal to one or the other of the two towns and the provision quoted is the somewhat unnecessary declaration that the act shall be ineffectual unless, in conformity with its provisions, the inhabitants of the district determine which town. To give it the construction that the legislature intended to delegate the power to determine a change in the boundaries and the question of the removal of the location of the registry with its attendant expense to the whole county to a part of the county would render the act of doubtful constitutionality.

The act also provides, in section 3, that it shall be void unless the respective lots shall have been conveyed and the sum of $3000 paid by the town of Van Buren to the county, said sum to be expended by the county commissioners of said county in building a registry office on said lot if the same be located in Van Buren, on or before the first day of January, nineteen hundred and twelve. This is an unambiguous requirement that the acts to be done by the towns be done on or before the first day of January 1912. Neither the whole act taken together nor its history convinces us that its plain language can be disregarded or that a different intention on the part of the legislature is ascertainable: *Cotton* v. *Cotton,* 103 Maine, 210, 212; *Standard Oil Co.* v. *U. S.,* 211 U. S. 1, 50; *Lyon* v. *Lyon,* 88 Maine, 395, 404.

It is evident that it was the legislative intent that the location of the registry office be changed but difficulty arose in view of the competition between the two towns of Fort Kent and Van Buren for the new location. Each had made offers of financial aid provided it was designated. The act gave an option to the towns to render such financial aid and while the act afforded each adequate power and authority to do so, it was not intended as a compulsory requirement; *Walton* v. *Greenwood,* 60 Maine, 356, 361, 369. Should the successful town fail to do so, the act became void. If, as an evidence of good faith or as furnishing a more positive inducement Fort Kent conveyed a suitable lot or Van Buren conveyed such lot and paid the sum named, before the election was held, it is directed that the land so conveyed and money so paid. "by the parties failing to secure the location" be reconveyed and repaid to the "unsuccessful" donors.

In this we find nothing to indicate an intention on part of the legislature inconsistent with the clear language of the act. To require of Van Buren the conveyance of a lot and the payment of the sum named before January 1, 1912 and after its failure at the election to secure the location would be, as defendants urge, but empty ceremony. The party securing the location has seasonably furnished the financial aid required of the successful donor.

The bill must be dismissed.

*Decree accordingly.*