THE BALDWIN COMPANY ET AL. *v.* R. S. HOWARD COMPANY.

THE BALDWIN COMPANY *v.* R. S. HOWARD COMPANY.

APPEAL FROM AND ON PETITION FOR A WRIT OF CERTIORARI TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

Nos. 139 and 113.   Argued January 14, 1921.—Decided April 11, 1921.

1. A decision made by the Court of Appeals of the District of Columbia upon an appeal from the Commissioner of Patents under § 9 of the Trade-Mark Act of February 20, 1905, is not reviewable in this court by appeal or certiorari under §§ 250, 251, of the Judicial Code,

since such decisions are merely certified to the Commissioner to govern his further proceedings in the case, as in patent matters (Rev. Stats., § 4914), and are not, therefore, final judgments. P. 38.

2. Assumption of jurisdiction by this court in a case where no question of jurisdiction was raised or considered, does not establish its jurisdiction over that class of cases. P. 40.

Appeal to review 48 App. D. C. 437, dismissed; petition for a writ of certiorari denied.

THE case is stated in the opinion.

*Mr. Lawrence Maxwell,* with whom *Mr. John E. Cross* was on the briefs, for appellants and petitioner.

*Mr. Samuel S. Watson* for appellee and respondent.

MR. JUSTICE DAY delivered the opinion of the court.

No. 139 is here upon an appeal from a decision of the Court of Appeals of the District of Columbia reversing the decision of the Commissioner of Patents.

No. 113 is an application for a writ of certiorari to review the same decision of the Court of Appeals of the District of Columbia. The case is reported in 48 App. D. C. 437.

The Commissioner of Patents refused to cancel the certificates of registration of a trade-mark consisting of the word "Howard " registered by the Baldwin Company, October 17, 1905, and made a like ruling refusing to cancel the certificate of registration of the word "Howard " arranged in monogram with the initials "V. G. P. Co." registered March 8, 1898, which marks were registered as trade-marks for pianos. The appeals were heard together in the District Court of Appeals upon the appeal of the Howard Company.

Proceedings were brought in the Patent Office by the Howard Company against the Baldwin Company to

cancel the certificates of registration. It appears that a suit was begun in the District Court of the United States for the Southern District of New York by the Baldwin Company against the Howard Company while the cancellation proceedings were pending, which resulted in a decree in favor of the Baldwin Company restraining the Howard Company from making or selling pianos bearing the word "Howard," but permitting it to use the marks "R. S. Howard Company" and "Robert S. Howard Company." 233 Fed. Rep. 439. This decree was affirmed by the Circuit Court of Appeals for the Second Circuit. 238 Fed. Rep. 154.

The Baldwin Company filed in the Patent Office a certified copy of the record in the federal courts in New York, and in the Patent Office the Examiner of Interferences and the Commissioner of Patents, on appeal to him, held that the adjudication in the New York courts was a bar to the claim of the R. S. Howard Company to cancel the certificates of registration of the trade-mark "Howard," and dismissed the petition of the Howard Company; thereupon, appeal was taken from the decision of the Commissioner to the Court of Appeals of the District. That court reversed the decision of the Commissioner of Patents, and directed the clerk to certify its decision as required by law.

The application in the Patent Office to cancel the trade-marks was under § 13 of the Trade-Mark Act of February 20, 1905, c. 592, 33 Stat. 728, which provides:

"SEC. 13. That whenever any person shall deem himself injured by the registration of a trade-mark in the Patent Office he may at any time apply to the Commissioner of Patents to cancel the registration thereof. The Commissioner shall refer such application to the examiner in charge of interferences, who is empowered to hear and determine this question and who shall give notice thereof to the registrant. If it appear after a hearing before the

examiner that the registrant was not entitled to the use of
the mark at the date of his application for registration
thereof, or that the mark is not used by the registrant, or
has been abandoned, and the examiner shall so decide,
the Commissioner shall cancel the registration. Appeal
may be taken to the Commissioner in person from the
decision of examiner of interferences."

The appeal from the decision of the Commissioner to
the Court of Appeals of the District was under § 9 of the
act, which provides: "SEC. 9. That if an applicant for
registration of a trade-mark, or a party to an interference
as to a trade-mark, or a party who has filed opposition to
the registration of a trade-mark, or party to an applica-
tion for the cancellation of the registration of a trade-
mark, is dissatisfied with the decision of the Commissioner
of Patents, he may appeal to the court of appeals of the
District of Columbia, on complying with the conditions
required in case of an appeal from the decision of the
Commissioner by an applicant for patent, or a party to an
interference as to an invention, and the same rules of
practice and procedure shall govern in every stage of
such proceedings, as far as the same may be applicable."

A motion is made to dismiss the appeal. No specific
provision is made for an appeal from the decision of the
District of Columbia Court of Appeals reviewing the
decision of the Commissioner of Patents, but the decision
is to be certified to the Commissioner to govern further
proceedings in the case. Section 4914, Rev. Stats.; 8
U. S. Comp. Stats., § 9459.

If the decision of the Court of Appeals of the District
of Columbia is not final, then the motion to dismiss the
appeal should be sustained, and we have no authority to
grant a writ of certiorari. Judicial Code, §§ 250, 251.

The nature of proceedings of the character now under
consideration was considered in *Frasch* v. *Moore*, 211 U. S.
1, in which the opinion of Chief Justice Alvey, speaking

for the Court of Appeals of the District of Columbia in *Rousseau* v. *Brown*, 21 App. D. C. 73, 80, explaining the nature of this statutory proceeding and affirming that it did not authorize a judgment but only the return by the Court of Appeals of a certificate to the Commissioner of Patents, to be there entered of record to govern further proceedings in the case, was fully approved.

In *Atkins & Co.* v. *Moore*, 212 U. S. 285, application for registration of a trade-mark was refused by the Examiner, which action was approved by the Commissioner, and affirmed on appeal by the Court of Appeals of the District of Columbia, an appeal and writ of error were allowed, both of which were dismissed in this court. The previous decisions of this court were reviewed by Chief Justice Fuller, speaking for the court, and in concluding the opinion he said: "In the light of the various details of the Act of February 20, 1905, and of the specific provisions of § 9, we were of opinion [*Gaines* v. *Knecht*, 212 U. S. 561] that proceedings under the act were governed by the same rules of practice and procedure as in the instance of patents, and the writ of error was accordingly dismissed. The same result must follow in the present case. Under § 4914 of the Revised Statutes no opinion or decision of the Court of Appeals on appeal from the Commissioner precludes 'any person interested from the right to contest the validity of such patent in any court wherein the same may be called in question,' and by § 4915 a remedy by bill in equity is given where a patent is refused, and we regard these provisions as applicable in trade-mark cases under § 9 of the Act of February 20, 1905."

We are of opinion that the principle there announced controls this case. No provision is made which permits this statutory proceeding to be carried beyond the decision of the Court of Appeals of the District of Columbia, the decision of which court is directed to be certified to the Commissioner of Patents. It is in no sense a final

judgment reviewable here upon writ of certiorari or appeal.

It is true that in *Estate of Beckwith* v. *Commissioner of Patents*, 252 U. S. 538, this court allowed a writ of certiorari from a decision of the Court of Appeals of the District of Columbia, affirming a decision of the Commissioner of Patents, in an application to register a trade-mark. No question of the jurisdiction of the court was considered in that case, and an inadvertent allowance of the writ of certiorari does not establish the jurisdiction of the court. *Fritch, Inc.* v. *United States*, 248 U. S. 458, 463.

It follows that the appeal must be dismissed, and the petition for a writ of certiorari denied.

*So ordered.*