## McKESSON & ROBBINS, Inc., v. CHAS. H. PHILLIPS CHEMICAL CO.

Court of Appeals of District of Columbia.

Submitted November 16, 1927. Decided December 5, 1927.

No. 1966.

1. Trade-marks and trade-names and unfair competition ⚖=21—Applicant having exclusive use of name of patented article for 10 years following expiration of patent, held entitled to registration as trade-mark (Trade-Mark Act 1905, § 5 [15 USCA § 85]).

Where patentee of patent expiring prior to February 20, 1895, had exclusive use of name applied thereto as trade-mark during subsequent 10-year period before Trade-Mark Act 1905, § 5 (15 USCA § 85), registration as trade-mark was properly granted under the 10-year clause of such act.

2. Patents ⚖=131—Trade-marks and trade-names and unfair competition ⚖=11—Right to manufacture and use name of patented article becomes public on expiration of patent.

Name of patented article falls into public use with the expiration of the patent thereof, with right of any one to manufacture such patented article, and like right to sell it by name applied thereto.

Appeal from the Commissioner of Patents.

Proceeding by McKesson & Robbins, Inc., to cancel certain registrations issued to the Chas. H. Phillips Chemical Company. Decision in favor of the latter, and the former appeals. Affirmed.

J. W. Bevans, of New York City, for appellant.

E. S. Rogers, of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant company instituted a proceeding in the Patent Office to cancel two registrations issued to the appellee Chemical Company. The first mark consists of the words "Milk of Magnesia," and the second mark consists of the words "Leche-de-Magnesia." The second mark is the Spanish equivalent of the first mark. The marks are both used on a preparation of magnesia.

[1] The cancellation proceeding is based on the ground that the term "Milk of Magnesia" was the name applied to an article covered by a patent granted to Charles H. Phillips and Lawrence Reid, who assigned their right to Charles H. Phillips, the predecessor in business of the appellee company. The marks in question were registered under the 10-year clause of section 5 of the Trade-Mark Act of 1905 (15 USCA § 85), and it appears that the patents in question had expired prior to February 20, 1895.

It clearly appears that the registrant had exclusive use of the words as a trade-mark during the 10-year period, but it is insisted that on the expiration of the patents the name used on the patented article became generic, and was open to any one to use, which operated to bar the right of registration in the applicant. The 10-year clause of the Trade-Mark Act gives practically unlimited right to the registration of a mark that had been "in actual or exclusive use as a trade-mark during the 10-year period immediately preceding the passage of the act."

[2] We are not unmindful of the well-established line of decisions that the name by which a patented article has been designated falls into public use with the expiration of the patent. These cases are based upon the theory that any one has a right to manufacture a patented article if the patent has expired, and has a like right to sell it by the name applied to the patented article. Singer Manufacturing Co. v. June, 163 U. S. 169, 16 S. Ct. 1002, 41 L. Ed. 118. But the present case may be distinguished, in that no such use had been appropriated of the patented article, and the patent expired prior to the 10-year period of exclusive use by appellant company.

The right of registration under the 10-year clause has been defined in Thaddeus Davids Co. v. Davids & Davids, 233 U. S. 461, 470, 34 S. Ct. 648, 652 (58 L. Ed. 1046, Ann. Cas. 1915B, 322), as follows: "Their exclusive use as trade-marks for the stated period was deemed in the judgment of Congress a sufficient assurance that they had acquired a secondary meaning as the designation of the origin or ownership of the merchandise to which they were affixed. And it was manifestly in this limited character only that they received statutory recognition, and, on registration, became entitled to protection under the act."

Where the public fails to avail itself of the right to manufacture the patented article and use the name by which it was designated, and 10 years' exclusive use of the mark intervenes prior to the Trade-Mark Act of 1905, the party using the mark is entitled to registration under the 10-year clause of the act. As said in Scandinavia Belting Co. v. Asbestos & Rubber Works of America, Inc. (C. C. A.) 257 F. 937, 960: "But there is another and conclusive reason why this claim that the name 'Scandinavia' became open to the public on the expiration of the patent is of no avail to the defendant, for, if it were to be conceded that the doctrine of the Singer Case originally applied, the evidence shows that the public did not avail itself of the right, and that now, because of the registration of the trade-mark under the 10-year clause, it is not at liberty to violate the plaintiff's exclusive right."

We are therefore of the opinion that the Commissioner was right, and his decision is accordingly affirmed.