## HERNANDEZ v. PRIZMA, Inc.
### No. 856.

District Court, D. Maine, S. D.
March 17, 1930.

John W. Hill, of Portland, Me., Benj. Roman, of New York City, and Verrill, Hale

Booth & Ives, of Portland, Me. (Brooks Whitehouse, of Portland, Me., of counsel), for plaintiff.

Bradley, Linnell & Jones, of Portland, Me., and D. P. Wolhaupter, of Washington, D. C. (C. C. Jones, of Portland, Me., of counsel), for defendant.

PETERS, District Judge.

This is a bill in equity to obtain a patent under Rev. St. § 4915, as it was in 1922 (35 USCA § 63).

It seems that one Kelley, the predecessor in title of the defendant, was granted letters patent of the United States No. 1,259,411, dated March 12, 1918, on coloring photographic images. On June 25, 1918, an application for a patent was filed by the plaintiff's intestate making claim to the same invention covered by the Kelley patent, and an interference proceeding was duly instituted by the Commissioner of Patents. An examiner awarded all the claims to Hernandez except four, which he gave to Kelley. The latter appealed, and the Board of Examiners in Chief held that he was entitled to all the claims. This action was affirmed by the Assistant Commissioner, whereupon Hernandez appealed to the Court of Appeals of the District of Columbia, which on January 3, 1922, affirmed the decision of the Patent Office awarding priority of invention, in the interference proceedings, to Kelley. This bill in equity was brought in December, 1922, but the plaintiff has allowed it to slumber till recently, when it was brought to a hearing before me in February on a motion to dismiss and on bill, answer, and proof.

At the hearing, in accordance with a stipulation previously filed, the only evidence submitted by either side was a copy of the printed transcript of record of patent appeal No. 1429 by the Court of Appeals of the District of Columbia, which record embodies the records of the patent applications of Hernandez, the application and patent to Kelley, and the evidence in behalf of each in the interference case. In other words, no new evidence of any kind was offered, the parties resting on the evidence in the Patent Office and Court of Appeals cases.

This statute, Rev. St. § 4915 (35 USCA § 63), is a peculiar one, in that, after parties have been through the Patent Office and the Court of Appeals of the District of Columbia, they may continue to litigate their claims in the District Courts, but the apparent anomaly is accounted for in part at least

by the fact that, in cases of appeals from the Commissioner, the Court of Appeals is only a part of the administrative machinery of the Patent Office. Frasch v. Moore, 211 U. S. 1, 29 S. Ct. 6, 53 L. Ed. 65; United Shoe Machinery v. Muther (C. C. A.) 288 F. 283. But, even so, this is a suit to set aside the action of one of the executive departments of the government. It is in no sense an appeal. It is not a question whether another judge would reach a different conclusion on the same evidence. This is a suit in equity in which the plaintiff must state a case for equitable relief. and show clearly that there was some mistake or misapprehension involved in the former proceedings.

The case of Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 775, 38 L. Ed. 657, is authoritative and in point. In a suit similar to this brought under Rev. St. § 4915 (35 USCA § 63), the Supreme Court says: "It is enough to say that the testimony as a whole is not of a character or sufficient to produce a clear conviction that the patent office made a mistake in awarding priority of invention to the defendant; and because of that fact, and because of the rule that controls suits of this kind in the courts, we * * * remand the case, with instructions to dismiss the bill." Greenwood v. Dover (C. C. A.) 194 F. 91.

It is held in this circuit that, to overcome the presumption that is to be given the former judgment, the proof must be clear and convincing. Sutton v. Wentworth (C. C. A.) 247 F. 493.

In the instant case there is no allegation and no proof of accident or mistake, but I am asked to read the former testimony and see whether I would not have come to a different conclusion than that reached by the Patent Office and the Court of Appeals of the District of Columbia. This is not sufficient. Morgan v. Daniels, supra.

In the case of Gold v. Newton, 254 F. 824, 827, the Circuit Court of Appeals of the Second Circuit, although a majority of the court believed that the plaintiff was right in his contention as to the conclusions to be derived from the evidence before the Patent Office and Court of Appeals, without new evidence held that the former judgment could not be disturbed:

"On the other hand, we are all of opinion that the fact of difference among ourselves is reason the more for adhering to the rule of Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 L. Ed. 657, and especially so in a case where we have no testimony materially changing the record that was before (and indeed repeatedly before) the court authorized equally with ourselves (though in a somewhat different manner) to deal with questions of this kind, viz. the Court of Appeals of the District of Columbia.

"In respect of actions like this, solely against the Commissioner, the jurisdiction still existing under R. S. § 4915 * * * is, to say the least, a singularity in law making. While the statute exists, jurisdiction must be exercised; but we entirely concur with the court below that, in order to advise or direct the Commissioner to issue a patent which he has refused and had his refusal approved by the District Court of Appeals, there must be introduced substantially new and persuasive testimony, not adduced before the tribunals with which we are invited to differ. Here we have nothing but an argument, persuasive to a majority only of this court, and even that argument seems to have been the same throughout this long and tangled litigation.

"Further, a court appealed to under section 4915 must by the evidence shown it, whether new or old, be very fully and amply persuaded of plaintiff's merits before granting relief. The fact of our disagreement on the question of invention leads to a unanimous belief that there exists no such certainty of right as should lead, not only to the attempted upsetting of so long a line of considered decisions, but to the present granting of a basic and fundamental patent, which for the next 17 years would dominate an art that has now obviously advanced beyond anything reduced to practice by Gold at or about the time he framed his disclosure."

A suit in equity under Rev. St. § 4915 (35 USCA § 63) to obtain a patent, is a new and independent proceeding, to be determined on the evidence taken therein and not alone on that before the Patent Office. Colman et al. v. Hathaway et al., 285 F. 602 (D. C. First Circuit). "Not only must his case carry thorough conviction by the character and amount of evidence (Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 L. Ed. 657), but, if facts are seriously in dispute, he must adduce in his equity suit new and persuasive testimony not submitted to the administrative tribunal." Curtiss Aeroplane et al. v. Janin et al. (C. C. A.) 278 F. 454, 455; Gold v. Gold (C. C. A.) 237 F. 84.

The rule in other circuits is the same as in this, to the extent that, in a suit under this statute, the proof must be clear and convincing, showing error in the judgment

of the Court of Appeals of the District of Columbia. See cases cited in paragraphs 11 and 12, notes, USCA, tit. 35, § 63.

The plaintiff has by no means met the burden imposed upon her, and the bill must be dismissed, with costs.