**McKESSON & ROBBINS, Inc., v. CHARLES H. PHILLIPS CHEMICAL CO. et al.**

No. 1973.

District Court, D. Connecticut.
June 11, 1930.

786

Harry D. Nims, of New York City, and Vincent L. Keating, of Bridgeport, Conn., for plaintiff.

H. H. Ramsay, of New York City, Edward S. Rogers and Allen M. Reed, both of Chicago, Ill., and Norris E. Pierson, of Stamford, Conn., for defendants.

THOMAS, District Judge.

In this suit the plaintiff seeks to cancel two trade-mark registrations issued to the Charles H. Phillips Chemical Co. The bill is brought under the provisions of section 4915 of the Revised Statutes (35 USCA § 63). By order of court dated November 20, 1928, this suit was dismissed as to Thomas E. Robertson, Commissioner of Patents, and he was discontinued as a party defendant.

The registrations in suit were issued under the ten-year clause of the Trade-Mark Act of February 20, 1905 (15 USCA §§ 81–109).

The first mark registered under No. 46,-225 on September 12, 1905, consists of the words "Milk of Magnesia," and the second, No. 75,501 dated October 12, 1909, consists of the words "Leche-de-Magnesia," which words are the Spanish equivalent of the first mark. The registrations are each for a preparation of magnesia.

First of all the defendant questions the jurisdiction of this court under the statute upon which the suit is predicated. Section 4915 of the Revised Statutes was amended by section 11 of the Act of March 2, 1927 (44 Stat. 1336), to the effect that an appeal to the Court of Appeals of the District of Columbia operates as a bar to the bringing of an action in the United States District Court. From the record it appears that on March 2, 1927, there was then pending in the Court of Appeals of the District of Columbia an appeal by the plaintiff from a decision of the Commissioner of Patents dismissing the plaintiff's application to cancel the trade-marks now in question. It also appears that on December 5, 1927, the Court of Appeals of the District of Columbia rendered its opinion affirming the Commissioner's decision. 57 App. D. C. 342, 23 F.(2d) 763. It is the defendant's claim that, since

the plaintiff followed up its appeal to the Court of Appeals of the District of Columbia, which was pending at the time of the enactment of the amended statute, the present action is barred. I am unable to sustain that contention because of the provisions of section 15 of the Act of March 2, 1927 (44 Stat. 1337 [35 USCA § 7, note]). The language is so plain that it admits of no doubt. It provides that the act "shall not affect appeals then pending * * * in the Court of Appeals of the District of Columbia."

■ Defendant also pleads res adjudicata and estoppel on the ground that the trademarks were in issue in the cancellation proceedings before the Commissioner of Patents and the Court of Appeals of the District of Columbia, and that in such proceedings the plaintiff had adequate remedy. Patent Office proceedings, however, are never res adjudicata upon any court. Baldwin Co. v. Howard Co., 256 U. S. 35, 41 S. Ct. 405, 65 L. Ed. 816; Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 L. Ed. 657. It is well established that the court appealed to under section 4915 has full jurisdiction to re-examine all matters determined by the Court of Appeals of the District of Columbia. That court becomes for this purpose one of the tribunals of the Patent Office, and its decision is in no sense a final decree which cannot be thus collaterally attacked, though it will be followed unless the contrary is established by convincing testimony. Clements v. Kirby (C. C. A.) 274 F. 575; Frasch v. Moore, 211 U. S. 1, 29 S. Ct. 6, 53 L. Ed. 65. A suit under Revised Statutes, § 4915, is a new and independent proceedings. Colman v. Hathaway (D. C.) 285 F. 602. It is not an appeal. It is an original, independent action in which all of the questions raised are tried de novo. Gandy v. Marble, 122 U. S. 432, 7 S. Ct. 1290, 30 L. Ed. 1223; Courson v. O'Connor (C. C. A.) 227 F. 890; Gold v. Gold (C. C. A.) 237 F. 84.

■ Therefore, the only point to be decided is whether the two trade-marks which are the subject of this suit were properly registered under the ten-year clause of the Trade-Mark Act of February 20, 1905, and this question must be decided upon the record adduced before this tribunal, and not upon the record before the Commissioner or the appellate court of the District of Columbia and it should be noted that the record here is materially different from the former record.

■ The ten-year clause of the act explicitly provides that nothing in the act—which of course includes the prohibition against the registration of descriptive terms—shall prevent the registration of any mark used by the applicant or his predecessors, or by those from whom title to the mark is derived, in commerce with foreign nations or among the several states or with Indian tribes, which was in actual and exclusive use as a trademark by the applicant, or his predecessors from whom he derived title, for ten years next preceding February 20, 1905.

It seems that this suit is based on the ground that the terms "Milk of Magnesia" and "Leche-de-Magnesia" are the names specifically applied to an article covered by letters patent granted to Charles H. Phillips and Lawrence Reid, who assigned their right to Charles H. Phillips, a predecessor in business of the defendant, and that these words, therefore, constitute the generic name of the article of manufacture covered by this patent and by others granted to the same patentees. All of these patents expired prior to February 20, 1895, which was more than ten years before the passage of the Trade-Mark Act of February 20, 1905.

Both trade-marks are descriptive terms of the goods sold by the defendant. As a matter of fact it appears from the record that these words were not originated by the defendant, but are found in many publications issued many years prior to the time that the applications for the above-mentioned patents were filed. Consequently, it is questionable whether these words constitute proper trade-marks even under the ten-year clause. This point, however, need not be here decided. We are more concerned with the question whether the defendant did have exclusive use of its trade-marks in the ten-year period preceding the passage of the Trade-Mark Act of February 20, 1905.

The generic or descriptive name of the product covered by the patents above referred to is hydrate of magnesia, and the record shows that such goods were sold, not only by the defendant, but by others during the ten-year period. The question is, Did the others mark their goods "Milk of Magnesia" and/or "Leche-de-Magnesia" at any time during the ten-year period? It is admitted by defendant that plaintiff has proven certain small and sporadic uses of the words "Milk of Magnesia" in connection with the manufacture and sale of hydrate of magnesia. Defendant, however, maintains that these uses were negligible from a commercial standpoint, and are not sufficient to overthrow the secondary meaning attached to

the words "Milk of Magnesia" as the trademark of the defendant.

While the record shows that Meyers Brothers Drug Company of St. Louis, Mo., did manufacture hydrate of magnesia beginning in 1902, to and including 1905, the 1903 price list of this firm listed hydrate of magnesia, and, in parenthesis adjacent to those words, the words "Milk Magnesia," the labels did not have displayed thereon the words "Milk of Magnesia." Such use of said words is not a bar to the registration by defendant of its mark "Milk of Magnesia." However, the record conclusively proves that Nelson Baker & Co. of Detroit did manufacture continuously from 1897 to 1900 substantial quantities of "Milk of Magnesia"; that labels were printed on which the words "Milk of Magnesia" were displayed, although it does not appear clearly that such labels were affixed to the various sizes of bottles in which the product was sold. The price lists of Nelson Baker & Co. for the years 1898, 1899, and 1900 contain a listing for "Milk of Magnesia" and the witness Haney testified that plaintiff's Exhibit 24 is a photostatic copy of an old label book of Nelson Baker & Co., containing a label for "Milk of Magnesia," and that the book was made up around 1903 or 1904. This testimony is corroborated by the witness Black, who testified that this label was affixed to various sizes of bottles of "Milk of Magnesia" put out by Nelson Baker & Co. Aside from the testimony of Black, it would be unreasonable to assume that those labels, having been printed, were not used. Park Davis & Co., of Detroit, also had listed "Milk of Magnesia" in its price lists of 1904 and 1905, and had labels printed containing the words "Milk of Magnesia," but there is nothing to show in the record that these goods were sold or distributed in the market prior to February 20, 1905. However, H. J. Mulford, of Philadelphia, began the manufacture of "Milk of Magnesia" during 1904, and sold that product during 1904 and 1905, and labels were issued containing the words "Milk of Magnesia" by its label bureau on November 2, 1904, and Milk of Magnesia was sold by this concern not later than November 15, 1904. Again it is safe to assume that the goods were sold with the labels attached.

No good purpose would be served by a further review of the evidence as it appears from the foregoing, and from an extended and careful examination of the evidence in this case, that the defendant was not the sole and exclusive user during the ten years nec-

essary to entitle it to such registration of the mark "Milk of Magnesia," which registration it procured.

The application of defendant for the registration of the trade-mark being regular in form, entitled it, prima facie, to the right to registration, but upon the introduction of plaintiff's testimony the prima facie evidence has been overcome. It was then incumbent upon the defendant to establish its right to registration by a fair preponderance of testimony. In other words, it was incumbent upon the defendant to satisfy the court that the testimony thus introduced on behalf of plaintiff was not true. This the defendant has failed to do.

Defendant's registration of the words "Leche-de-Magnesia" seems to depend solely upon its registration of "Milk of Magnesia." The registration of these words having been found invalid, it follows that the registration of "Leche-de-Magnesia" must fall with it.

Plaintiff is therefore entitled to a decree for the cancellation of defendant's trade-mark registrations Nos. 46,225 and 75,501, together with costs of suit.

Submit decree accordingly.