## POWELL v. McNAMARA.

District Court, N. D. New York.
July 5, 1933.

Thomas L. Wilder and Clarence Williams, both of Utica, N. Y., for plaintiff.

Ambrose J. McNamara, pro se.

BRYANT, District Judge.

In this suit in equity, brought under R. S. § 4915 (35 USCA § 63), plaintiff seeks to establish his rights to letters patent, which were denied to him by the Commissioner of Patents, and which denial was affirmed by the Board of Appeals.

The matter in issue is directed to an improvement in mufflers. Powell filed application for patent on November 28, 1927, and McNamara an application for patent on the same improvement on January 18, 1928, less than two months later. Certain claims in each application were allowed for interference purposes.

The matter was tried before the Examiner of Interferences, both sides being represented by counsel and both introducing testimony. The Examiner, under date of March 26, 1931, rendered a decision denying the appli-

cation of Powell and awarding a patent to McNamara. Powell appealed to the Board of Appeals, and the Board of Appeals, by decision dated December 22, 1931, affirmed the decision of the Examiner of Interferences. Powell then filed notice of appeal to the United States Customs and Patent Court of Appeals. McNamara, following the provisions of section 4913 of the Revised Statutes (35 USCA § 61), caused notices to be filed so that the action came into this court for determination, under section 4915 of the Revised Statutes (35 USCA § 63).

Upon the trial plaintiff produced his witnesses and tried his side of the case de novo. Defendant was examined and cross-examined, and, in addition to this testimony, he offered in evidence the records used before the Commissioner of Patents in the interference proceeding, some parts of which were not received and have not been considered by this court.

The testimony taken in this court does not differ, in any substantial regard, from the testimony presented before the Examiner of Interferences. The facts are set forth in sufficient detail in the decisions of the Examiner of Interferences and the Board of Appeals to make it unnecessary to restate them here.

All of the officials in the Patent Office, including the Board of Appeals, have concurred in finding as a fact that McNamara was the first inventor of the improvement disclosed in plaintiff's application. This finding of fact creates a presumption in favor of McNamara's priority which is difficult to overcome. Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 L. Ed. 657; Hermandez v. Prizma, Inc. (D. C.) 39 F.(2d) 196; United Shoe Machinery Corp. v. Muther (C. C. A.) 288 F. 283; O'Donnell v. United Shoe Machinery Co. (D. C.) 2 F. Supp. 178, 181.

The presumption still remains in this case, even though the evidence before this court differs from that taken before the Examiner of Interferences, and "is not to be overthrown" unless, under the language of Morgan v. Daniels, there was testimony which "in character and amount carries thorough conviction." The above language is quoted from O'Donnell v. United Shoe Machinery Corporation, supra.

A careful weighing of the testimony, taken before this court, does not show that the patent tribunals erred in finding that McNamara was the first inventor, but instead shows proof sufficient to support the decision made.

Plaintiff's bill may be dismissed.