23 C.C.P.A. (Patents)

## In re FERENCI.

### Patent Appeal No. 3611.

Court of Customs and Patent Appeals.
April 29, 1936.

Sydney I. Prescott, of New York City (Joseph Shea, of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner requiring division between claims

13, 21, 22, and 23 of appellant's application, upon the one hand, and claims 1 to 12, inclusive, 14 to 20, inclusive, and 24 to 29, inclusive, upon the other. The claims embraced in first above-named group relate to a torsion brake, and the claims in the second group are drawn to a wrapping machine combination. Each of the claims in the second group describes as an element of the combination the brake described in the first group.

Claim 13 is illustrative of the first group of claims, and claim 11 is illustrative of the second group; said last-mentioned claims read as follows:

"(13) A torsion brake comprising a clamp having hinged jaws, a screw threaded into said jaws and provided with a head, a coil spring interposed between one of said jaws and the head of the screw, a stationary stud, and a leaf spring carried by the other of said jaws and abutting said stud."

"(11) The combination with a lifter adapted to receive an article and raise it to a higher level, a guide on said lifter adapted to support a wrapper, stationary rollers, levers provided with clamping rollers coacting with said stationary rollers to clamp the end of a wrapper projecting from said guide, a floating rod arranged to bear down on the wrapper adjacent its clamped end, vertical guides for said rod, lugs on said lifter adapted to engage and raise said rod against said levers to lift the clamping rollers from the wrapper during the ascent of said lifter, a reel shaft adapted to support a reel of wrapping material, a support for said shaft, a pair of intermittently operating feed rollers coacting to draw the web of wrapping material off said reel and feed it through said guide between said stationary and clamping rollers while the latter are lifted, a torsion brake on said shaft opposing the rotation thereof in the direction of web feed, and operative to rotate said shaft in the opposite direction after cessation of the web feed and thereby recover any slack in the web caused by the inertia of the reel, and a knife for severing a wrapper from the web, said brake including a clamp having hinged jaws, a screw threaded into said jaws and provided with a head, a coil spring interposed between one of said jaws and the head of the screw, a stationary stud, and a leaf spring carried by the other of said jaws and abutting said stud."

Both the examiner and the Board of Appeals held that the alleged invention defined in the first group of claims was separate from and independent of the alleged invention defined in the second group of claims; the examiner cited references to show that the inventions of the two groups are separately classified in the Patent Office. The first group of references cited shows and claims only tensioning devices in connection with reels, and the second group of references shows and claims wrapping machine combinations.

Both tribunals held that the invention claimed in the first group of claims has general utility aside from the article wrapping machine combinations claimed in the second group of claims.

The Board of Appeals in its decision stated: "Considering such an invention as a brake mechanism for a reel, it is obvious that it has general utility. The reel may be used wherever paper or other strips of material are to be unreeled and used and the brake mechanism will serve the function of preventing the reel from unwinding more paper or material than is desired. The reel need not necessarily be used on a wrapping machine."

The Board of Appeals affirmed the decision of the examiner requiring division between the two groups of claims, and from such decision of the board this appeal was taken.

We would observe that none of the claims embraced in appellant's application have been considered on their merits by the Patent Office tribunals, and there is before us for decision only the naked requirement for division. The question of our jurisdiction to entertain an appeal of this character is, in our opinion, settled in favor of such jurisdiction by the decision of the Court of Appeals of the District of Columbia (our predecessor in jurisdiction of appeals from the Patent Office tribunals) in the case of In re Frasch, 27 App.D.C. 25. See, also, Frasch v. Moore, 211 U.S. 1, 29 S.Ct. 6, 53 L.Ed. 65.

We are in accord with the holding of the Board of Appeals and the examiner that the two groups of claims define separate and independent inventions, separately classified in the Patent Office, and that the structure embraced in the first group has general utility aside from its use in

the combination set out in the second group of claims.

In our decision in the case of In re Ferenci, 23 C.C.P.A.(Patents) —, 83 F.(2d) 279, we discussed at length the principles applicable to requirements of division of claims in an application for patent and, applying the principles approved in said case, we find no error in the decision of the Board of Appeals, and it is therefore affirmed.

Affirmed.