## UNITED STATES *v.* TEMPLE.

An officer of the navy, while engaged in public business, travelled by land and sea under orders, the travel by sea not being in a public vessel of the United States. *Held*, that under the act of June 30, 1876, c. 159 (19 Stat. 65), he is entitled to mileage for the whole distance travelled.

APPEAL from the Court of Claims.

This was an action brought in the Court of Claims by Temple, a commodore in the United States navy, to recover mileage for travel under orders.

The controversy arises upon the construction of an act of Congress. The history of our legislation on the subject of mileage to officers of the navy is as follows: The act of March 3, 1835, c. 27 (4 Stat. 756), after giving certain pay, &c., to officers of the navy, declares in the second section that they shall be entitled to no other compensation, but with an exception, thus stated: " Except for travelling expenses while under orders, for which ten cents per mile shall be allowed."

This provision was abrogated by a clause in the act of June 16, 1874, c. 285 (18 Stat., pt. 3, p. 72), which is as follows: " That only actual travelling expenses shall be allowed to any person holding employment or appointment under the United States, and all allowances for mileages and transportation in excess of the amount actually paid are hereby declared illegal."

On June 30, 1876, however, mileage was restored to officers of the navy by the act of that date, c. 159 (19 Stat. 65), which declares that so much of the act of June 16, 1874, "as provides that only actual travelling expenses shall be allowed to any person holding employment or appointment under the United States, while engaged in public business, as is applicable to officers of the navy so engaged, is hereby repealed; and the sum of eight cents per mile shall be allowed such officers so engaged, in lieu of their actual expenses."

The travel for which Commodore Temple claims mileage was performed in 1878.

It appears by the findings of the Court of Claims that while engaged in public business he travelled under orders from Washington City, *via* New York City and Rio de Janeiro, to Montevideo, in South America, and thence back to Washington City, *via* Rio de Janeiro, Liverpool, and New York. The voyages were performed in vessels not the property of the United States. The whole distance travelled was 16,660 miles. He applied to the accounting officers of the treasury for payment of mileage at the rate of eight cents per mile on the whole distance travelled by him. His demand was refused. But he was allowed eight cents per mile for the distance between the city of Washington and New York, going and returning. For all travel by sea the accounting officers would allow him only his actual expenses.

The Court of Claims allowed him mileage at the rate of eight cents per mile for the entire distance travelled by him. Judgment was rendered in his favor therefor, after deducting the money actually paid him. The United States appealed.

*The Solicitor-General* for the United States.
*Mr. Enoch Totten* and *Mr. James Lowndes* for the appellee.

MR. JUSTICE WOODS, after stating the facts, delivered the opinion of the court.

The statute and the finding of the Court of Claims leave little room for controversy. The law as it stood when the travel was performed was explicit, and is not open to construction. We find in it no warrant for the distinction made by the accounting officers of the treasury between travel by sea

and travel on land within the United States, performed by an officer of the navy while engaged on public business. To hold that for one class of travel he should have eight cents per mile, and for the other his actual expenses, is to make the law and not to construe it. When this travel was performed there was not a line on the statute-book of the United States which made any provision whatever, under any circumstances, for allowing officers of the navy, when engaged on the public business, their actual expenses of travel. The only law ever enacted which made such provision had been expressly repealed by the act on which the appellee based his claim for mileage. This act declared him entitled, without condition or limitation, to mileage at the rate of eight cents per mile, and is the only law upon the subject.

Our duty is to read the statute according to the natural and obvious import of the language, without resorting to subtle and forced construction for the purpose of either limiting or extending its operation. *Waller* v. *Harris,* 20 Wend. (N. Y.) 561; *Pott* v. *Arthur,* 104 U. S. 735. When the language is plain, we have no right to insert words and phrases, so as to incorporate in the statute a new and distinct provision.

The attempt to justify the decision of the accounting officers of the treasury is based on an alleged practice in conformity therewith, which, it is said, grew up in the Navy Department under the act of 1835. The practice, if such there was, finds no higher warrant or sanction in the act of 1835 than in the act of 1876. But even if it could have any influence in settling the meaning of an act passed forty-one years afterwards, under changed circumstances and conditions, we find no reference to it in either the findings or the opinion of the Court of Claims, and we cannot assume that it ever existed.

The law on which the appellee bases his case is plain and unambiguous. We must give it its natural and obvious meaning, and thus interpreted it leaves the appellant no ground to stand on.

*Judgment affirmed.*