# MOORE *v.* UNITED STATES.

## APPEAL FROM THE COURT OF CLAIMS.

No. 278. Argued March 21, 1919.—Decided April 14, 1919.

The Act of June 25, 1910, c. 423, 36 Stat. 851, allowing compensation from the United States for use of patented inventions, provides that it shall not apply to any device discovered or invented by a government employee "during the time of his employment or service." *Held*, that this prevents recovery where the invention was completed during such service although in the hours when the inventor was not actually on duty.

52 Ct. Clms. 532, affirmed.

THE case is stated in the opinion.

*Mr. Samuel Herrick,* with whom *Mr. P. M. Liddy* was on the brief, for appellant.

*Mr. Assistant Attorney General Frierson* for the United States.

MR. JUSTICE CLARKE delivered the opinion of the court.

The appellant sued the United States in the Court of Claims to recover compensation for the use, without license or lawful right, of a tool, which was covered by United States Letters Patent, of which he was the owner. In his amended petition he alleged that during the years 1903 to 1914, inclusive, he invented the tool in question, which was adapted to be used "as a reefing-iron on the decks, sides, and bottoms of vessels where wood-caulking is done"; that he entered the employment of the Government as a wood-caulker in a navy yard on March 26, 1913, and continued therein until July 16, 1914; "that during the month of May, 1914, your petitioner, after expending a great deal of time, labor, and study, completed his invention" of the tool afterwards patented; and that during the hours of his employment by the Government he did not do any work upon his invention, but that such work as was performed upon it subsequent to March 26, 1913, when he entered the Government employ, was performed at his home during his absence from duty in the navy yard. For the extensive use which the Government had made of the tool he prayed for compensation, which had been demanded and refused.

The appellant can maintain such a suit, if at all, only by warrant of the Act of Congress, approved June 25, 1910, c. 423, 36 Stat. 851. This act provides that whenever any invention described in and covered by a patent from the United States shall hereafter be used by the United States without the license of the owner thereof or lawful

right to use the same, such owner may recover reasonable compensation for such use by suit in the Court of Claims.

Of the three provisos in the act the third one is applicable to this case and reads:

"*And provided further,* [3] That the benefits of this Act shall not inure to any patentee, who, when he makes such claim is in the employment or service of the Government of the United States; or the assignee of any such patentee; nor shall this Act apply to any device discovered or invented by such employee during the time of his employment or service."

The appellant was not actually in the employ of the Government when he made his claim by bringing suit, but the Court of Claims dismissed his petition for want of jurisdiction on the ground that it showed on its face that the device was discovered during the time he was in the employment or service of the Government, and that therefore the case fell within the third proviso of the act.

This decision is so obviously right that discussion of it would be superfluous. The act of Congress must be read "according to the natural and obvious import of the language, without resorting to subtle and forced construction for the purpose of either limiting or extending its operation." *United States* v. *Temple,* 105 U. S. 97, 99. No matter what the appellant may have done prior to May, 1914, it was in that month, he avers, that he completed his invention, and during the whole of that month he was in the employment or service of the Government. To give the effect contended for to the allegation that the appellant confined his work on his invention to the hours when he was not actually on duty, but while he was in the Government employ, would be to amend the statute, not to construe or interpret it.

The judgment of the Court of Claims is

*Affirmed.*