## WEINSTEIN v. JULIUS LANSBURGH FURNITURE & CARPET CO.

(Court of Appeals of District of Columbia. Submitted January 4, 1922. Decided February 6, 1922.)

No. 3505.

1. **Reference ⊚⇒100(7)—Failure to except to auditor's findings admits they are correct.**

   Under Code, § 254, authorizing judgment on the auditor's report, if no exceptions are taken thereto, failure to except to a finding in the report is equivalent to an admission it is correct.

2. **Reference ⊚⇒100(2)—Exceptions to subordinate finding unavailing, after admission of ultimate finding.**

   Exceptions to the action of the auditor in rulings on testimony and to a finding that plaintiff was not bound to account to defendant for certain moneys, if erroneous, are unavailing to defendant, where the ultimate findings by the auditor that the contract in controversy was absolute and not conditional, and that defendant was indebted to the plaintiff in the amount stated, were admitted by defendant's failure to except thereto.

3. **Reference ⊚⇒100(2)—Exceptions may be taken only to items found by auditor.**

   Under Code, § 254, requiring a party excepting to the report of the auditor to point out particularly the items which he wishes to challenge, and to state the grounds of his exception, exceptions can be taken only to the findings—items in the report, and not to matters outside of the report, such as erroneous rulings on evidence, though such rulings may be included as grounds for the exceptions to particular items.

Appeal from the Supreme Court of the District of Columbia.

Action by the Julius Lansburgh Furniture & Carpet Company against Morris Weinstein. Judgment for plaintiff, on overruling defendant's exceptions to the report of the auditor, and defendant appeals. Affirmed.

Joseph T. Sherier and J. W. Cox, both of Washington, D. C., for appellant.

Edmund L. Jones and Frank J. Hogan, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. The Julius Lansburgh Furniture & Carpet Company, a corporation, called here for convenience the company, sued Weinstein for $1,447.23, the balance of an account claimed to be due for furniture sold and delivered to the latter. Weinstein stated that he had purchased from the company furniture valued at $385, upon which he was entitled to certain credits that would reduce the amount to $119.56; that, in addition to the furniture just mentioned, he had purchased from the company other furniture for which he was to pay the net cost to the company, plus 12½ per cent., and that the amount due was to be determined from invoices received by the company from the manufacturers; that he gave the company notes in the sum of $11,459.83 for the estimated cost of the furniture last purchased, and paid them when they became due; that the estimated cost was taken because the company could not supply the invoices at that

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

time, but agreed to produce them later, and that when it did, if the amount shown to be due thereby was less than the sum for which the notes had been given, the company would return the excess to him; that he frequently called upon the company to produce the invoices, but it refused to do so; and that, if the invoices were produced, they would show that he was entitled to a credit of at least $1,000. He asked judgment for such sum as might be found due him after a just accounting.

On motion of Weinstein, without objection of the company, the case was referred to the auditor, to audit and state the accounts and dealings between the parties, and to report to the court. Testimony was taken before him, who in due time made a report. Exceptions filed by Weinstein were, save one, overruled by the court, and the case was referred to the auditor for another report, which he later filed. In this he found, among other things: (a) That the invoices were delivered to Weinstein; (b) that the transaction in which the notes passed was closed by their delivery, that it was not a settlement based on a mere estimate or approximation of the amount due, as claimed by Weinstein, but that the company and Weinstein had agreed that the latter owed at that time the amount for which the notes were given, and that they were paid as alleged by Weinstein; and (c) that when the action was instituted there was a balance of $1,353.87 due from Weinstein to the company. Six exceptions were filed to this report. They were all overruled by the court, and judgment for $1,-353.87, with interest, was entered for the company. Weinstein appeals.

[1] No exception was taken to either finding (b) or (c). Section 254 of chapter 4 of the Code, under which the case was referred, provides that judgment may be entered upon the auditor's report if no exceptions are taken thereto, but that, if exceptions are taken, the person excepting must point out particularly the item or items excepted to. Lincoln v. Virginia Portland Cement Co., 49 App. D. C. 33, 258 Fed. 505. Failure to except to a finding, as we understand the statute, is equivalent to an admission that it is correct. Consequently Weinstein admitted both findings (b) and (c). In other words, he has confessed that the transaction involving the notes was not conditional, but final, and that he is indebted to the company in the sum of $1,-353.87.

[2] Exceptions were taken to the action of the auditor in rejecting certain testimony, and in admitting other testimony; also to an alleged finding made by him that the plaintiff was not bound to account to Weinstein for money expended by the company in his behalf. Suppose the auditor did err in those respects; what difference does it make to Weinstein, since he admitted the amount found due was correct?

As we understand chapter 4, the party defeated before the auditor must except to his ultimate finding, and to every other finding which he believes prejudiciously affects that finding, and must state with particularity the grounds of each exception. In other words, he must show the relation between the subordinate finding and the ultimate

one, and that, if his theory is correct, the ultimate one is wrong in whole or in part. This he cannot do if he admits, as Weinstein did here, that the ultimate finding is free from vice.

[3] According to section 254, only actions "grounded upon an account, or in which it may be necessary to examine and determine upon accounts between the parties," may be referred to the auditor. His report should contain a finding or findings showing the condition of the account. The exceptant must point out particularly the item or items—the findings—which he wishes to challenge, and "state the grounds" of his "exception." If in this statement he raises a question of law, counsel must certify that in his opinion it is "well founded." If he raises a question of fact, the litigant must swear "that the exceptions are not filed for delay, and that the allegations * * * in said exceptions are true to the best of his knowledge and belief." Whether or not a question of either law or fact exists is to be determined from the statement of the "grounds of the exception," assuming them to be true. This is why the certificate is required to the one and the oath to the other. The question of law, of course, is for the court; the question of fact, briefly, but clearly and definitely, set forth, for the jury.

In the present case, exceptions were taken, as we have remarked, to the rejection of proffered testimony, and to the acceptance of testimony, though there is nothing in the report concerning either. We repeat, the exceptions must be to findings—items—in the report, and not to matters dehors the report. The statute so ordains, and it must be followed. Of course, "the grounds" for the exception may disclose matters not in the report which it is proper to consider, as, for example, if it is made to appear therein that the auditor erroneously excluded or admitted testimony, and that this action affected the result, the court may, if it thinks proper, re-refer the case, with proper instructions. But this does not affect the fact that the exception must be to the things, the items, the findings found in the report.

For the reasons given, the judgment is right, and is affirmed, with costs.

Affirmed.