ROBERTSON, Commissioner of Patents (R. S. HOWARD CO., Intervener), v.
UNITED STATES ex rel. BALDWIN CO.

(Court of Appeals of District of Columbia. Submitted January 5, 1923. Decided February 5, 1923.)

No. 3854.

1. **Trade-marks and trade-names and unfair competition ⊆⇒42—Trade-mark proceedings are all statutory.**

   The registration of trade-marks, opposition to registration, cancellation of registration, and interference proceedings are all governed by statute, and the solution of any question which arises with respect to those matters must be in harmony with the terms of the statute.

2. **Trade-marks and trade-names and unfair competition ⊆⇒45½, New, vol. 7A Key-No. Series—Trade-Mark Act does not authorize suit to restrain cancellation of trade-mark after adverse decision on appeal; "proceedings."**

   Trade-Mark Act, § 9 (Comp. St. § 9494), giving an appeal from a decision of the Commissioner of Patents in proceedings for the cancellation of the registration of a trade-mark, on complying with the conditions required in case of an appeal by an applicant for a patent, and providing that the same rules of practice and procedure shall govern in every stage of such proceedings, refers only to the proceedings on appeal, and does not entitle a trade-mark owner to bring suit in equity after an adverse decision on such appeal, as is permitted in patent cases by Rev. St. §§ 4914, 4915 (Comp. St. §§ 9459, 9460).

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proceeding.]

3. **Trade-marks and trade-names and unfair competition ⊆⇒45—Registration creates only rebuttable presumption of ownership.**

   The registration of a trade-mark gives no property right in the mark, which must depend on acquisition by prior use, but only is prima facie evidence of ownership, under section 16 of the Trade-Mark Act (Comp. St. § 9501).

4. **Courts ⊆⇒107—Opinion must be construed with reference to facts involved.**

   In construing the opinion of a court, reference must be had to the facts involved and to the question to which the court's mind was directed in formulating the decision, so that a statement by the Supreme Court in dismissing a writ of error from the Court of Appeals of the District in a trade-mark proceeding, on the ground that the decision of the Court of Appeals was not final, to the effect that Rev. St. § 4915 (Comp. St. § 9459), gave the claimant of the trade-mark a remedy by suit in equity, which was not necessary for the decision, is not binding on the Court of Appeals, especially in view of a different statement in a later decision.

   Robb, Associate Justice, dissenting.

Appeal from the Supreme Court of the District of Columbia.

Suit by the United States, on the relation of the Baldwin Company, against Thomas E. Robertson, as Commissioner of Patents, to restrain the defendant from canceling trade-marks in accordance with a decision of the Court of Appeals of the District of Columbia, in which the R. S. Howard Company intervened, opposing the relief. From an order denying a motion to dismiss the bill and granting a preliminary injunction, the defendant and intervener specially appeal. Reversed and remanded, with instructions to dismiss the suit.

⊆⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Samuel S. Watson, of New York City, and T. A. Hostetler, of Washington, D. C., for appellants.

F. D. McKenney and J. S. Flannery, both of Washington, D. C., and John E. Cross, of Baltimore, Md., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. The Baldwin Company claimed to be the owner of two trade-marks, used on pianos, which were registered in the Patent Office. Two proceedings to have the marks canceled were instituted by R. S. Howard Company, one of the appellants. Relief was denied it by the Commissioner of Patents, but on appeal to this court his decision was reversed, and the Commissioner was so advised, as provided by statute. 33 Stat. 727, § 9 (Comp. St. § 9494); section 4914 et seq., Revised Statutes (Comp. St. § 9459 et seq.). From our action the Baldwin Company appealed to the Supreme Court of the United States, and also prayed for writs of certiorari.

The appeals were dismissed and the writs of certiorari denied, for the reason that our decision was not final. Judicial Code, §§ 250, 251 et seq. (Comp. St. §§ 1227, 1228 et seq.). Thereupon the Baldwin Company filed its bill in equity against Hon. Thomas E. Robertson, as Commissioner of Patents, in the Supreme Court of the District, basing its right to do so upon section 9 of the trade-mark statute (33 Stat. 727), and sections 4914 and 4915 of the Revised Statutes. The bill as amended sought to restrain the Commissioner from canceling the marks in accordance with our decision, and prayed that, pending the final disposition of the case, he be enjoined from canceling them. On its petition the R. S. Howard Company was permitted to intervene. The Commissioner of Patents and the latter company filed separate answers. The Commissioner asserted, among other things, that he was bound by the decision of this court. The Howard Company went into its case with much elaboration, and then moved to dismiss the amended bill on several grounds, among them being one to the effect that the court was without authority to grant the relief asked for, or any relief in the premises. The motion having been overruled, a preliminary injunction went out, restraining the Commissioner of Patents as prayed, and the Howard Company brought the case here for our review by special appeal. 27 Stat. 436 (Comp. St. § 1227).

[1] The case turns upon the jurisdiction of the Supreme Court of the District to entertain the suit. Registration of trade-marks, opposition to registration, cancellation of registration, and interference proceedings are all governed by statute. 33 Stat. 724 et seq. (Comp. St. § 9485 et seq.). The solution of any question which arises with respect to these matters must be in harmony with the terms of the statute. Lincoln v. Virginia Portland Cement Co., 258 Fed. 505, 49 App. D. C. 33; Moore v. United States, 249 U. S. 487, 39 Sup. Ct. 322, 63 L. Ed. 721; United States v. Temple, 105 U. S. 97, 26 L. Ed. 967. If there is no statutory authority for bringing the suit, then the action of the lower court must be reversed and the amended bill dismissed.

**[2]** It is asserted by the Baldwin Company that section 9 of the Trade-Mark Act and sections 4914 and 4915, Revised Statutes, supra, when considered together, authorize the suit. Section 9 says that if a—

"party to an application for the cancellation of the registration of a trade-mark is dissatisfied with the decision of the Commissioner of Patents, he may appeal to the Court of Appeals of the District of Columbia, on complying with the conditions required in case of an appeal from the decision of the Commissioner by an applicant for patent, or a party to an interference as to an invention, and the same rules of practice and procedure shall govern in every stage of *such proceedings*, as far as the same may be applicable." (Italics supplied.)

When this court was organized in 1893 (27 Stat. 434), the determination of appeals from the decisions of the Commissioner of Patents, then vested in the Supreme Court of the District of Columbia, was transferred to this court. 27 Stat. 436, § 9. Section 4914, R. S., provides that, when this court determines an appeal from the Commissioner of Patents in patent cases, it "shall return to the Commissioner a certificate of its proceedings and decision, which shall be entered of record in the Patent Office, and shall govern the further proceedings in the case," and adds:

"But no opinion or decision of the court in any such case shall preclude any person interested from the right to contest the validity of such patent in any court wherein the same may be called in question."

Section 4915 says that, whenever a patent is refused by the Commissioner of Patents or by this court, "the applicant may have remedy by bill in equity; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear," and that such adjudication, if in favor of the right of the applicant, shall authorize the Commissioner to issue a patent to him when he has complied with certain other requirements of the statute.

It will be observed that section 9 of the trade-mark statute, supra, so much relied upon by the Baldwin Company, deals with appeals from the Commissioner of Patents to this court, and declares that the rules of practice and procedure in patent cases shall govern in every state of "such proceedings" as far as they may be applicable. What proceedings? Clearly, the proceedings followed in taking the appeals just mentioned. There is nothing in it which purports to deal with what shall happen after an appeal has been determined. Section 4914 says that no decision by this court shall preclude any person interested from the right to contest the validity of a patent "in any court wherein the same may be called in question." This relates to something that may take place after the decision of this court. and has no relation to proceedings in an appeal from the Commissioner to this court. And what is said with respect to this section may also be said with respect to section 4915, which deals with patent cases after they have been disposed of by this court or by the Commissioner in case no appeal is taken to this court. There is nothing in it which relates to an appeal from the Commissioner

to this court, and therefore it cannot affect "such proceedings." Besides, Congress has provided by section 22 of the trade-mark statute (33 Stat. 729 [Comp. St. § 9507]) for proceedings in equity after a case has been finally disposed of by this court. It is there declared that:

"Whenever there are *interfering registered trade-marks*, any person interested in any one of them may have relief against the interfering registrant, and all persons interested under him, by suit in equity against the said registrant." (Italics ours.)

But no provision is made for a suit in equity in a case such as the one before us. Does not this call for the application of the maxim, "Expressio unius est exclusio alterius"?

There is a good reason why Congress should have provided for equitable relief in patent cases as it has done in section 4915 without making a like provision for trade-mark cases. If the section did not exist, the applicant for a patent would be concluded by the decision of this court holding that his invention was not patentable. He might manufacture and put it on the market, and successfully defeat any one who might charge him with being an infringer, but he could not obtain a monopoly himself. Brown v. Duchesne, 19 How. 183, 15 L. Ed. 595; Dable Grain Shovel Co. v. Flint, 137 U. S. 41, 11 Sup. Ct. 8, 34 L. Ed. 618. Against his will his invention could be made and vended by anybody with impunity. Moreover, a patent conveys a property right to the inventor. Imperial Cotto Sales Co. v. N. K. Fairbanks Co., 270 Fed. 686, 50 App. D. C. 250; Shaw v. Cooper, 7 Pet. 292, 8 L. Ed. 689; Cammeyer v. Newton, 94 U. S. 225, 24 L. Ed. 72. To be denied a patent is to be denied this right, which may be very valuable.

[3] In the case of a trade-mark the situation is entirely different. The registration of a mark conveys no property right (Sarrazin v. W. R. Irby Cigar & Tobacco Co., 93 Fed. 624, 35 C. C. A. 496, 46 L. R. A. 541; Hanover Star Milling Co. v. Allen & Wheeler Co., 208 Fed. 513, 125 C. C. A. 515, L. R. A. 1916D, 136; Andrew Jergens Co. v. Woodbury, Inc. [D. C.] 273 Fed. 952, 965) and its cancellation takes none away. Ownership of the mark depends upon its adoption and use, not on its registration. Columbia Mill Co. v. Alcorn, 150 U. S. 460, 14 Sup. Ct. 151, 37 L. Ed. 1144; Phillips v. Hudnut et al., 263 Fed. 643, 49 App. D. C. 247. The only effect of the registration is to raise a rebuttable presumption in favor of the registrant's ownership. Section 16 of the Trade-Mark Act says that the registration of a trade-mark shall be prima facie evidence of ownership. 33 Stat. 728 (Comp. St. § 9501). If, in a contest between a registrant and one who is using the same mark upon the same class of goods, the latter can establish that he is the owner of the mark, the registration of it will avail the other party nothing. The right to a patent originates in the statute. The right to a trade-mark exists independently of a statute and comes into existence by reason of its adoption and use. See authorities ante. Under section 4915 the inventor may secure a monopoly of his invention, which he could not otherwise obtain; but the owner of a trademark could secure nothing which he did not have before, except a presumption which might be overturned by proof. The one would gain much; the other very little. There is a reason, then, for section 4915

287 F.—60

with respect to patents, but little reason for it with respect to trademarks. To our mind these things indicate why section 4915 does not apply, either directly or by reference, to trade-mark cases.

The Baldwin Company, however, contends that its right to maintain the bill is no longer open to discussion, because the Supreme Court of the United States has settled the matter in Atkins & Co. v. Moore, 212 U. S. 285, 29 Sup. Ct. 390, 53 L. Ed. 515, and Baldwin Co. v. Howard Co., 256 U. S. 35, 41 Sup. Ct. 405, 65 L. Ed. 816. (The last case was the one between the parties to this suit when they were before the court on the appeals.) Of course if this contention be sound, that ends the contest so far as this court is concerned. We have but one duty in the premises, and that is to follow those decisions.

[4] In construing the opinion of a court reference must be had to the facts involved, and to the question to which the court's mind was directed when formulating the decision. Cohens v. Virginia, 6 Wheat. 264, 5 L. Ed. 257; Plumley v. Massachusetts, 155 U. S. 461, 471, 15 Sup. Ct. 154, 39 L. Ed. 223; Harriman v. Northern Securities Co., 197 U. S. 244, 291, 25 Sup. Ct. 493, 49 L. Ed. 739. In the Atkins Case it appeared that Atkins & Co. made application for registration of a trade-mark in the Patent Office. The application was denied, and on appeal to this court the decision was affirmed. An appeal and writ of error were allowed by the Supreme Court of the United States. The court dismissed both, on the ground that our order affirming the decision of the Commissioner was not final. In support of its conclusion the court called attention to its decision in Frasch v. Moore, 211 U. S. 1, 29 Sup. Ct. 6, 53 L. Ed. 65, in which it was held that our decisions on appeals from the Patent Office are interlocutory and not final; also to the decision in Gaines v. Knecht, 212 U. S. 561, 29 Sup. Ct. 688, 53 L. Ed. 652, where a ruling to the same effect was made. After quoting with approval from our decision in Gaines v. Knecht, 27 App. D. C, 530, 532, the court said that, in the light of the various details of the act of February 20, 1905 (Trade-Mark Act), and of the specific provisions of section 9, to which we have already called attention, it was of the opinion that proceedings under the act were governed by the same rules of practice and procedure as in the instance of patents, and the writ of error was accordingly dismissed. Then it added that under section 4914, R. S., supra, no opinion or decision of the Court of Appeals on appeal from the Commissioner precludes any person from the right to contest the validity of such patent in any court wherein the same may be called in question, and that by section 4915 a remedy by bill in equity is given where a patent is refused, and that it regarded these provisions as applicable in trade-mark cases under section 9 of the Act of February 20, 1905.

That the Act of February 20, 1905, makes it clear that the decisions of this court in trade-mark cases are not final is beyond question. See section 16. But the thing which makes trouble is the observation that the court regards the provisions of section 4915 applicable in trade-mark cases under section 9 of the Act of February 20, 1905. We do not think that the court was considering anything but the question as to whether or not the decision of this court was final. That was the point

before it and the one on which the thought of the court was centered. The provisions of the Trade-Mark Act, especially section 16, furnished ample authority for the conclusion which it had reached. The court had no occasion to determine whether section 4915 gave a defeated applicant for registration the right to commence a proceeding in equity, and we do not think it intended to so decide. In this we are supported by a statement in the last opinion of the court upon the subject. Baldwin Co. v. Howard Co., supra. Mr. Justice Day, who spoke for the court in that case, after referring to the decisions in the Frasch, Atkins, and Gaines Cases, wherein the various statutory sections about which we have been writing were referred to, said:

"No provision is made which permits this statutory proceeding to be carried beyond the decision of the Court of Appeals of the District of Columbia, the decision of which court is directed to be certified to the Commissioner of Patents."

The statutory proceeding referred to is the one relating to the registration of trade-marks, the decisions of the Commissioner touching the same, and the review of his decisions by this court. This proceeding, according to the learned justice, cannot be carried beyond the decision of the Court of Appeals. In other words, the questions of registration, cancellation, opposition, and interference in trade-mark cases are ended by our decision. The only thing decided in such a proceeding is as to whether or not the mark shall be registered, or, having been registered, whether or not it shall be canceled. The effect of the registration, as we have seen, is simply to provide a rule of evidence which, under section 16, supra, casts upon him who would attack the right of the registrant to the mark the burden of establishing his claim in an infringement, unfair competition, or other proper proceeding. We think the court had this in mind when it said that there was no authority for carrying the statutory proceeding beyond the decision of the Court of Appeals.

Believing that there is no authority for the maintenance of this suit, we reverse the decision appealed from and remand the case, with instructions to dismiss the suit; costs to be assessed against appellee.

Reversed and remanded.

ROBB, Associate Justice (dissenting). Section 9 of the Trade-Mark Act of February 20, 1905 (33 Stat. 724), authorizes an applicant for registration of a trade-mark, a party to an interference as to a trademark, a party who has filed an opposition to the registration of a trademark, or a party to an application for the cancellation of the registration of a trade-mark to appeal from the decision of the Commissioner of Patents to this court, on compliance with conditions incident to an appeal by an applicant for patent or a party to an interference, as to an invention, and it is further provided that "the same rules of practice and procedure shall govern in every stage *of such proceedings,* as far as the same may be applicable." Were this an open question, the force of the argument of my Associates would lead me to their conclusion that the provision last quoted refers only to proceedings in this court, and that view would be further strengthened by the specific provisions

of section 22 of the Trade-Mark Act, which apparently were intended to restrict and limit the right to equitable relief to parties to "interfering registered trade-marks." However, as I read the opinion of the court in Baldwin Co. v. Howard Co., 256 U. S. 35, 39, 41 Sup. Ct. 405, 65 L. Ed. 816, it there is intimated that section 4915, R. S. authorizes a remedy by bill in equity in a case like the present. Therefore, while it is quite possible that, when the provisions of section 22 of the Trade-Mark Act are brought to the attention of the Supreme Court and a definite ruling invoked, the conclusion reached by my Associates will be approved, I now feel constrained to give full force and effect to the suggestion in the Howard Case and to dissent here.

Appeal to United States Supreme Court allowed March 12, 1923, and bond to act as supersedeas fixed at $300.