## STUB v. UNITED STATES.
### No. 46322.

Court of Claims.
Jan. 7, 1946.

No appearance for the plaintiff.

Joseph Y. Houghton, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen., for defendant.

WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Associate Judges.

PER CURIAM.

This is a patent case before the court on a plea in bar.

The Patent Jurisdictional Act upon which plaintiff's petition is based, Act of June 25, 1910, as amended July 1, 1918, 35 U.S. C.A. § 68, provides in part: "The benefits of the provisions of this section shall not inure to any patentee who, when he makes such claim, is in the employment or service of the Government of the United States, or the assignee of any such patentee. *This section shall not apply to any device discovered or invented by such employee during the time of his employment or service."* [Italics supplied.]

It appearing from certain employment records in the possession of the defendant that the plaintiff, John Stub, was in the employment of the Government at the time of the filing of his patent application which matured into the patent in suit and over six years prior thereto, the defendant filed a plea in bar, which was set down for argument on October 1, 1945.

Plaintiff not appearing, the court took the case under submission on the briefs and ordered the same referred to a commissioner of the court to take testimony to ascertain whether the structure claimed in the patent in suit was made before or during plaintiff's service with the Government. The order stated that the case would be held under submission until the report of the commissioner was received.

Pursuant to the order of reference, the commissioner held a hearing at Boston, Mass., on October 25, 1945, at which both the plaintiff and the defendant presented evidence.

The plaintiff, John Stub, was employed by the Government of the United States on October 14, 1936, and resigned on October 5, 1944. His Civil Service retirement record, a copy of which is in evidence as defendant's exhibit 1, shows that Stub was carried on the rolls continuously during this period and was on a "leave without pay" basis for approximately two months between January 23, 1942, and June 30, 1942.

The application which matured into the patent in suit was filed in the Patent Office by Stub on November 26, 1942. The patent thereon, No. 2,346,337, was issued to Stub on April 11, 1944.

At no time either prior thereto or during plaintiff's period of service with the Government did plaintiff ever make or have made for him any device or physical structure in accordance with the subject matter and claims of the patent in suit.

At the hearing before the Commissioner held in Boston, October 25, 1945, the plaintiff declined to put in evidence any of the drawings and descriptions then in his possession and alleged by him to be a complete description of his invention prior to the commencement of his Government employment.

The earliest date that can be accorded plaintiff for completion of the invention of the patent in suit is the filing date of his application, November 26, 1942. That date falls within the period of plaintiff's employment by the Government.

Legally contemplated, the inventive act consists of two steps, the conception or birth of an original idea, and its reduction to practice.

Conception may be evidenced by drawings and disclosure to others, but until reduction to practice occurs the inventive act is not complete. In Corona Cord Tire Co. v. Dovan Chemical Corp., 276 U.S. 358, 383, 48 S.Ct. 380, 387, 72 L.Ed. 610, the Supreme Court has defined reduction to practice as follows: "A process is reduced to practice when it is successfully performed. A machine is reduced to prac-

tice when it is assembled, adjusted and used. A manufacture is reduced to practice when it is completely manufactured. A composition of matter is reduced to practice when it is completely composed."

It has been a long standing rule of the Patent Office and the courts that in lieu of an actual reduction to practice, the filing of an allowable patent application in the Patent Office will be considered as a constructice reduction to practice and a completion of the invention.

In the present instance the plaintiff had no actual reduction to practice and accordingly must rely upon the filing date of his application as the completion of his invention, and this occurred during the period of his employment with the Government.

In affirming this court in dismissing a petition in an analogous situation, the Supreme Court indicated in Moore v. United States, 249 U.S. 487, 489, 39 S.Ct. 322, 63 L.Ed. 721, that when the date of "completion" of the invention falls within the period of Government employment, it is immaterial what the inventor may have done prior thereto.

Defendant's plea in bar is sustained and the petition in this case is accordingly dismissed. It is so ordered.