## SHARP v. UNITED STATES.
### No. W–328.

United States District Court,
D. Kansas.

Dec. 31, 1952.

Harrison Smith, Garden City, Kan., and William P. Thompson, Wichita, Kan., of Hershberger, Patterson, Jones & Thompson, Wichita, Kan., for plaintiff.

Holmes Baldridge, Asst. Atty. Gen., Irving Malchman, Attorney, Department of Justice, Washington, D. C., Eugene W. Davis, U. S. Atty., Topeka, Kan., and V. J. Bowersock, Asst. U. S. Atty., Wichita, Kan., for defendant.

MELLOTT, Chief Judge.

The basic issue before the court is whether plaintiff's annuity as a retired employee of the United States of America has been correctly computed. There is no controversy as to the facts.[1] Motion to amend paragraph 3 of the complaint to allege that the claim is founded upon an act of Congress has been granted. Plaintiff exhausted his remedies of appeal before instituting suit and this court has jurisdiction.[2]

Plaintiff's employment, as indicated by the records of the Civil Service Commission, is shown in Exhibit A, summarized in the margin.[3]

1. At a pre-trial conference, Rule 16 F.R. C.P., several exhibits were received in evidence. Following colloquy between court and counsel, Rule 56(d) F.R.C.P., it was agreed the pleadings, admissions on file (including the exhibits), together with the affidavits show that there is no genuine issue as to any material facts, Rule 56(c) F.R.C.P. Although no formal motion for summary judgment was filed, the issues of law were submitted and the parties were given leave to file, and have filed, briefs.

2. Title 28 U.S.C.A. § 1346(a) (2); Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561, rehearing denied 297 U.S. 728, 56 S.Ct. 594, 80 L. Ed. 1011; United States v. Dismuke, 5

Cir., 76 F.2d 715. The exhaustion of remedies is admitted: Subdivision 5 of answer; Exhibits B to D inclusive.

3. Copyist, Gen. Land Office, June 25, 1912 to Dec. 26, 1912; clerk-steno, Collector of Customs, Dec. 30, 1912 to Oct. 29, 1913; steno-typist, Bureau of Plant Industry, Nov. 1, 1913 to July 31, 1915; clerk, Collector of Customs, July 22, 1915 to Dec. 26, 1917; U. S. Army, Dec. 26, 1917 to Mar. 16, 1919; steno-clerk, Field Serv., Treas. Dept., Mar. 18, 1920 to Apr. 30, 1920; substitute clerk, R'y. Mail Serv., Apr. 5, 1921 to Apr. 18, 1921; Secret Serv., Treas. Dept., Mar. 10, 1922 to Sept. 30, 1924; special agent, Intel. Unit, Int. Rev. Bur., Treas. Dept., Oct. 1, 1924 to June 30, 1950. Average

Plaintiff's annuity for the duration of his life has been fixed by the Retirement Division of the United States Civil Service Commission at $3912 per year, payable at the rate of $326 monthly, beginning July 1, 1950. He was found to have been engaged, for the required period, in a position the duties of which were "primarily the investigation, apprehension, or detention of persons suspected or convicted of offenses against the criminal laws of the United States." His annuity was accordingly computed as provided in Title 5 U.S.C.A. § 691(d),[4] i. e., in an amount "equal to 2 per centum of his average basic salary for any five consecutive years of allowable service at the option of such officer or employee, multiplied by the number of years of service, not exceeding thirty years." Construing the thirty-year proviso as applying only to the years spent in enforcement work, plaintiff contends his annuity should be computed under both subdivision (d) and (b) of Section 691, as follows:

|  |  |  |
|---|---|---|
| **Under Subdivision (d)** | | |
| 2 per centum of highest basic salary* | $6511.74 | |
| | .02 | |
| | $ 130.23 | |
| Multiplied by number of years in enforcement work | 27¹¹⁄₁₂ | |
| | $3635.59 | $3635.59 |
| **Under Subdivision (b)** | | |
| 1-1/2 per centum of highest basic salary* | $6511.74 | |
| Factor provided in § 698, Title 28 | .01½ | |
| | $ 97.68 | |
| Multiplied by total years of service prior to enforcement work | 7⁹⁄₁₂ | |
| | $ 708.18 | |
| Less adjustment for age below 60 | 7.08 | |
| | $ 701.10 | $ 701.10 |
| | | $4336.39 |
| Payable monthly | | $ 361.00 |

* Amount of highest basic salary not in dispute.

annual basic salary received during last five years of service used in computation of annuity: $6511.27. Total service: 35 years, 2 months, 9 days. Contributions and salary deductions were made covering service for periods subsequent to Apr. 5, 1921. Age at time of retirement: 59 years, 7 months, 10 days.

4. Act of Feb. 28, 1948, c. 84, § 1, 62 Stat.

Plaintiff's argument proceeds substantially as follows: He made no election and exercised no option to have his annuity computed under subdivision (d); the thirty-year limitation under that section applies to the number of years employment in a hazardous position, leaving the years of non-hazardous employment in Federal service to be considered at their appropriate per centum factor in computing the aggregate annuity; the construction of the act made by the Retirement Division causes him "to lose years of Federal service in non-hazardous employment in the computation of the rate of his annuity"; and such construction is violative of several canons which might appropriately be applied. Defendant asserts that the administrative interpretation is correct; that there is nothing in the act indicating Congress ever intended to allow such a pyramiding of benefits as plaintiff seeks; and that there are at least two independent reasons why that may not be done—first, the four bases of retirement set out in § 691 [5] are alternative and mutually exclusive; and second, subdivision (d) thereof expressly limits to thirty the years of government service which may be used in computing the annuity.

The court agrees that plaintiff made no specific election to have his annuity computed solely under subdivision (d). He contended, at the time his application for retirement was filed, that he was entitled to "the benefits of Sections 1 (b) and 1 (d) combined * * *." [6] He appears to have recognized, however, that "the recommendation of the head" of his department was necessary if he was to have the benefit of Section 1(d) and such recommendation was given and acted upon. Admittedly, he was eligible to retire, either under Section 1(b) or 1(d). His annuity was larger un-

48; act of July 2, 1948, c. 807, 62 Stat. 1221; act of Aug. 16, 1949, c. 443, 63 Stat. 609.

5. Title 5 U.S.C.A. § 691.

6. The quotation is from sheet 5 of Exhibit B, being a letter from plaintiff submitted in conjunction with his application for retirement.

der the latter than it would have been under the former; and he was given the larger. He should not be deprived of his right to raise the issue attempted to be raised in this appeal, upon an assumption that he "elected" to have his annuity computed under any particular section; so the court passes to the question whether 1(b) and 1(d) can be combined in the fashion urged.

The four bases of retirement under Section 691[5] do indeed seem to be separate, alternative and mutually exclusive. Section 1(a) provides for voluntary retirement for those employees who are either 60 years of age and have 30 years of government service or are 62 years of age and have 15 years of service. Section 1(b) provides another basis of voluntary retirement for such employees as are 55 years of age and have 30 years of service. Section 1(c) provides for annuities for those employees who have been involuntarily separated from service and who have rendered 25 years of service. Finally, Section 1(d) provides for more liberal benefits and conditions of eligibility for a special group of employees, attaining 50 years of age, who have been engaged 20 or more years in hazardous law enforcement work. The conclusion is inescapable that the Congress intended, in the enactments of the several sections, to provide for each of the groups a separate and distinct system of retirement.

Several circumstances tend to support the conclusion reached. It will be noted that Section 1(a) and 1(b) each provides for the payment of "an annuity" computed as provided in Section 698. Section 1(c) provides for "an immediate life annuity" computed as provided in Section 698, reduced as therein set out. Section 1(d) provides in detail how "the annuity" of the officer or employee retiring under that Section shall be computed. The use of the singular, in each instance, is not without significance. Moreover, an examination of comparable legislation is helpful. Thus, when the Congress wished to allow benefits to be combined, as it did in providing for a retirement plan for Congressmen, it specifically said so.[7] Its failure to add any such provision to the subdivisions of Section 691 now under consideration is strong evidence it did not wish to provide for their combination.

Incongruities, obviously not intended by the Congress would result from combining the subsections as urged by plaintiff. Assume, e. g., the employment for 35 years of two employees at comparable salaries. One, employed continuously in enforcement work, would be limited, even under plaintiff's suggested interpretation, to thirty years in the computation of his annuity; but the other, who, fortuitously, had been employed but thirty years in hazardous enforcement work, would be permitted to add five years spent in non-hazardous work and thereby secure a substantially larger annuity. There is nothing in the legislative history of subsection (d)[8] indicating any such result was ever intended.

The canon of construction suggested by plaintiff, bottomed upon United States v. Temple[9] and kindred cases to the effect that a statute should be read "according to the natural and obvious import of * * * [its] language, without resorting to subtle and forced construction for the

7. § 3A, as added Aug. 2, 1946, c. 753, Title VI, § 602(b), 60 Stat. 850, Title 5 U.S.C.A. § 693-1(8). "Nothing contained in sections 691, 693, 698, 707, 708, 709-715, 716 to 719-1, 720-725, 727-729, 730, 731, 733, 736b, and 736c of this title shall be construed to prevent any person eligible therefor from simultaneously receiving an annuity computed in accordance with this section and an annuity computed in accordance with section 698 of this title, but in computing the annuity under section 698 of this title in the case of any person who (A) has had at least six years' service as a Member of Congress, and (B) has served as a Member of Congress at any time after August 2, 1946, service as a Member of Congress shall not be credited."

8. S.Rept.No.76, 80th Cong., 1st Sess., p. 1, 1947 Code Congressional Service, p. 1277; H.Rept.No.2034, 80th Cong., 2nd Sess., pp. 1-2; S.Rept.No.1668, 80th Cong., 2nd Sess.; 1948 Code Congressional Service, p. 2275 et seq.

9. 105 U.S. 97, 26 L.Ed. 967; see also Moore v. United States, 249 U.S. 487, 39 S.Ct. 322, 63 L.Ed. 721.

purpose of either limiting or extending its operation," is, of course, sound; yet plaintiff would have the court read into the thirty-year provision a limitation which is not there. He construes the multiplier to be, not "the number of years of service" but rather "the number of years of service in law enforcement work." The contention is untenable. Moreover, it would wholly ignore the administrative interpretation, which is entitled to great weight, unless clearly wrong.[10]

The court is of the opinion and now holds that plaintiff has failed to establish his claim for a money judgment. The clerk is therefore directed to enter judgment for the defendant. Whether the court has jurisdiction to enter a declaratory judgment[11] is moot and is not decided.[12]

---

10. United States v. Moore, 95 U.S. 760, 24 L.Ed. 588; United States v. Jackson, 280 U.S. 183, 50 S.Ct. 143, 74 L. Ed. 361; United States v. American Trucking Associations, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345; Washburn v. United States, D.C., 63 F.Supp. 224.

11. Act of June 25, 1948, c. 646, 62 Stat. 964, amended May 24, 1949, c. 139, § 111, 63 Stat. 105, 28 U.S.C.A. § 2201.

12. McGrath v. Kristensen, 340 U.S. 162, 169, 71 S.Ct. 224, 95 L.Ed. 173; Pub. Service Commission v. Wycoff Co., U.S., 73 S.Ct. 236.